## 43514. PARISH v. THE STATE.

Deen, Judge. 1. The defendant was indicted, tried, and convicted for the offense of burglary of certain electric appliances and other personal property from the residence of the prosecuting witness. The conviction depended on proof by Lively corroborated by investigative officers that his house had been ransacked, proof of a list of missing property given by him at the time, and identification of some of these articles later in a pawnshop to which the witness was taken by investigating officers, together with testimony of the owner of the pawnshop identifying the defendant as one of two persons who had sold him the articles under the name of Richard Wilson. Either the defendant or his companion had exhibited a social security card with the name Richard Wilson on it, and this card was found on the defendant's person when he was arrested. Under this testimony the list of property recovered from the pawnshop and identified by the owner as his was admissible in evidence, and the testimony of Herndon and Lively referring to the articles as stolen property was not objectionable. Where the facts testified to are proved without contravention by a witness whose knowledge of them is immediate and personal, this is not hearsay, and the admission of like statements made by another, even if hearsay, does not under these circumstances constitute reversible error. *Usher v. State,* 27 Ga. App. 776 (1) (110 SE 414).

2. Enumerations of error on the alleged illegal admission of evidence, especially when not otherwise clearly identifiable, must be supported in the brief by citation to the transcript pages where such evidence and the objections made thereto may be found. *Crider v. State of Ga.,* 115 Ga. App. 347 (1) (154 SE2d 743); *Strickland v. English,* 115 Ga. App. 384 (2) (154 SE2d 710); *Gunnells v. Cotton States Mut. Ins. Co.,* 117 Ga. App. 123, 126 (159 SE2d 730). While we are left uncertain as to the particular testimony objected to, it is contended gen-

erally that proof of statements made by the defendant to investigating officers violates the Fourteenth Amendment of the Federal Constitution under guidelines laid down in Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694, 10 ALR3d 974). The defendant was told that he could remain silent, could refuse to make any statement at all, that such statement as he made might be used against him in court, that he had a right to have an attorney present while making his statement, and that if he did not have funds the court would appoint an attorney who would consult with him before he made a statement and be present while he was making it, according to the uncontroverted testimony of the witness. Appellant fails to point out wherein he considers these instructions inadequate.

*Judgment affirmed. Jordan, P. J., and Pannell, J., concur.*

ARGUED MARCH 6, 1968—DECIDED APRIL 8, 1968.

*John D. Watkins,* for appellant.

*George Hains, Solicitor General,* for appellee.