## 29947. GLASS v. THE STATE.

JORDAN, Justice.
     The appellant was convicted of murder, sentenced to life imprisonment and appeals.
     Appellant, Dorsey Lee Glass, and Evelyn Henderson had lived together for eight years in Mrs. Henderson's side of a duplex in Atlanta. The duplex was also occupied by Mrs. Henderson's children, grandchildren and mother, Charlie Pearl Mann, who lived in the other side of the duplex. On July 4, 1974, appellant and Mrs. Henderson argued, at which time appellant struck Mrs. Henderson, knocking her down. Mrs. Henderson told appellant to leave, that he could no longer live with her. Next day appellant showed up at Mrs. Henderson's place of employment and threatened to kill her. Evelyn Henderson testified that on the morning of July 6, 1974, appellant called twice on the telephone and threatened to kill her and every member of her family. Mrs. Henderson's mother answered the third call at which time the appellant made the same threats.
     Later that evening Mrs. Henderson, her mother and the children were sitting on the screened front porch of the duplex. The group was joined by the victim, Jerrie Lynn Benjamin, a neighbor. After a short visit, Miss Benjamin left the porch to walk to a nearby store. Upon her return, she stated that she had seen appellant walking up the street with a rifle wrapped in a newspaper. Somewhere between 7:30 and 8:00 p.m. shots began to ring out from across the street. Miss Benjamin was shot and fell to the floor screaming that appellant had shot her. When the shooting began Mrs. Mann fell to the floor. From her

position on the floor she could see appellant across the street shooting a rifle. Evelyn Henderson from inside the house also identified appellant as the one shooting the rifle. A neighbor who lived in the adjacent house testified that she saw appellant across the street with a rifle. Miss Benjamin died from the gunshot wound.

Thomas Lee Philpot, an acquaintance of appellant's, testified that on July 6, 1974, before the shooting, appellant came to his house and borrowed a .22 caliber automatic rifle. Appellant wrapped the rifle in a rug and immediately left. The bullets removed from the victim and at the scene were .22 caliber.

Walter Tucker and his brother testified for the defendant that appellant was lying in their front yard at approximately 3:30 or 4:00 p.m. on July 6. They further testified that appellant did not leave their yard until around 7:30 or 8:00 p.m. when he came into the house to sleep. Neither man approached appellant or talked to him while he was in their yard. Their testimony placed appellant at their house until the morning of July 7, 1974.

Appellant's son testified that his father was intoxicated when he drove appellant to the Tuckers' house at approximately 2:00 to 3:00 p.m. on July 6. Appellant's testimony was essentially the same, that he had become intoxicated in the early afternoon, and that his son had later driven him to the Tuckers' where he remained from around 2:00 or 3:00 p.m. until the morning of July 7.

1. Appellant's first enumeration of error is on general grounds. In passing on the sufficiency of the evidence, this court must inspect the record to discern whether there is any evidence which will support the jury's verdict. *Cochran v. State,* 213 Ga. 706 (100 SE2d 919). There is ample evidence in this record to support the verdict.

2. Appellant next contends that the trial court erred in allowing the introduction of hearsay testimony of a statement made by the deceased. During the trial, Mrs. Henderson was asked, over the objection of defense counsel, if Miss Benjamin said anything upon her return from the store shortly before the shooting occurred. Mrs. Henderson replied that Miss Benjamin stated that she

had seen appellant carrying a rifle wrapped in newspaper.

Assuming the testimony to be hearsay (Code Ann. § 38-301), we conclude that its admission, under the facts of this case was harmless error. This court has recognized the general rule that in order to justify a new trial or reversal, the trial court's ruling must be both erroneous and harmful to the appellant. *Hall v. State,* 202 Ga. 619, 620 (44 SE2d 234); *Brown v. City of Atlanta,* 66 Ga. 71. Inadmissible hearsay which is received over objection does not require a new trial if it appears that the evidence could not have affected the verdict because other evidence by a witness with immediate and personal knowledge is sufficient to establish the fact in question. *Lovett v. State,* 60 Ga. 257; *Parish v. State,* 117 Ga. App. 616 (1) (161 SE2d 426).

In this case, the evidence presented by the state is more than sufficient to establish that appellant shot and killed Miss Benjamin. Substantial testimony was offered that on numerous occasions appellant threatened to kill Mrs. Henderson and her family. Mrs. Mann testified that it was appellant who fired the shots from across the street. Mrs. Henderson was certain that it was appellant she saw shooting the rifle. A neighbor, Yvonne Mizell, heard the shots and saw appellant with a rifle. Mr. Philpot testified that on July 6, prior to the shooting, appellant borrowed a .22 caliber automatic rifle from him. From this evidence it is obvious that the hearsay statement that the victim had seen appellant with a rifle prior to the shooting was not essential to the state's case and could not have materially affected the verdict rendered.

*Judgment affirmed. All the Justices concur.*

Submitted May 15, 1975 — Decided September 11, 1975.

*J. Douglas Willix,* for appellant.

*Lewis R. Slaton, District Attorney, Carole E. Wall, Assistant District Attorney, Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Staff Assistant Attorney General,* for appellee.