## 61063. JOHNSON v. THE STATE.

SOGNIER, Judge.

Johnson was convicted of four counts of forgery in the first degree and one count of felony recidivism (aggravated assault). On appeal he contends the trial court erred (1) by denying his motion for a new trial on the general grounds; (2) by reversing its earlier rulings and admitting, over objection, state exhibit 3 and denying a motion for mistrial as a result thereof; (3) by failing to grant appellant's motion for severance, thus denying him a fair trial; and (4) by denying his motion for severance and motion for mistrial because he was denied his right to confront the witnesses against him.

1. a. On June 1, 1979 Johnson and his wife came into Robert Herring's store and bought some clothing and boots. Johnson paid Herring for these goods with a check for $113, made out to Mary Johnson, and told Herring it was his wife's check. The check was issued by the Georgia Department of Human Resources; Herring cashed the check and gave them change. The endorsement "Marry Johnson" appears on the back of the check. Mary Johnson testified that she did not receive the check and it was missing; that she did not endorse the check; and that she did not authorize anyone to sign and cash the check.

Code Ann. § 26-1701 (a) provides: "A person commits forgery in the first degree when, with intent to defraud, he knowingly makes, alters or possesses any writing in a fictitious name or in such manner that the writing as made or altered purports to have been made by another person, or at another time, or with different provisions, or by authority of one who did not give such authority and utters or delivers such writing." "The gravamen of the offense was that defendant without authority and with intent to defraud possessed a 'writing' purportedly endorsed by others and uttered or delivered it." *Henderson v. State,* 146 Ga. App. 114, 115 (1) (245 SE2d 437) (1978).

In the instant case appellant vouched for the check by telling Herring it was his wife's check when he knew that Mary Johnson was not his wife. This fact was evidence that he had knowledge that the check was forged and that he had an intent to defraud. "Knowledge, like intent, is a question of fact which is seldom capable of proof by direct evidence. Code Ann. § 26-605; [cits.]." *Jones v. State,* 141 Ga. App. 17, 18 (232 SE2d 365) (1977).

b. The checks involved in the remaining three charges of which appellant was found guilty were cashed in a similar manner, although appellant's wife endorsed a second check, payable to Mary Johnson, in the presence of Herring. The remaining two checks bore the printed name and address of Karen Chisen, and Juanita Johnson wrote those checks in appellant's presence, signing the name "Karen Chisen" as the maker. Karen Chisen testified that her check book was stolen on September 15, 1979; that she did not sign the two checks involved; and that she did not authorize anyone to sign her name to the two checks.

Applying the rules set forth above, we find the evidence sufficient to support the findings of guilty of all charges. Further, we find that a rational trier of fact could find from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. *Fisher v. State,* 151 Ga. App. 93 (258 SE2d 920) (1979).

2. Appellant contends that it was error for the trial court to reverse its earlier ruling and admit state's exhibit 3, over objection, and to deny a motion for mistrial, because the exhibit (a check) contained the word "forgery" written thereon by a bank supervisory cashier. The check was drawn on the account of Karen Chisen, and the bank supervisory cashier testified she made the notation on the check after Mrs. Chisen told her (the supervisor) that "it was a forgery." The trial court instructed the jury to disregard this statement. "Where the facts testified to are proved without contravention by a witness whose knowledge of them is immediate and personal, this is not hearsay, and the admission of like state-

ments made by another, even if hearsay, does not under these circumstances constitute reversible error. [Cit.]" *Parish v. State,* 117 Ga. App. 616 (1) (161 SE2d 426) (1968). See also *Glass v. State,* 235 Ga. 17, 19 (218 SE2d 776) (1975). Thus, this enumeration is without merit.

3. Appellant contends that the trial court erred by failing to grant his motion for a severance because the overwhelming evidence was against his co-defendant and therefore, he was denied a fair trial in accordance with due process requirements. Appellant relies on *Crawford v. State,* 148 Ga. App. 523, 526-527 (251 SE2d 602) (1978) which held: "Where the appellant's conviction more likely resulted from the evidence against his co-defendants than from the evidence against him . . . he was entitled to a separate trial." While we agree with this principle of law, the facts in the instant case do not warrant application of the quoted rule. Appellant was not merely present as a passive observer, but introduced his co-defendant as his wife, thus vouching for her identity, even though certain of the checks were made payable to "Mary Johnson," and appellant's wife was Juanita Johnson. Obviously, appellant also knew his wife was not Karen Chisen when she signed that name to a check, as the maker thereof, in appellant's presence. The same was true of the check given to Settles Bonding Company, and it is apparent from the evidence that appellant was an active participant in the offenses. The evidence did not, therefore, show that appellant's conviction "more likely resulted from the evidence against his co-defendant than from the evidence against him," because the same evidence would be sufficient to sustain a conviction if appellant was tried separately.

4. Lastly, appellant contends it was error for the trial court to deny his motion for severance and motion for mistrial because his co-defendant's out-of-court statement was testified to by a state witness and his co-defendant did not testify, thus depriving appellant of his right to confront the witness against him. The witness was testifying in regard to Charge VII, which alleged that appellant's *co-defendant* issued a check wrongfully; appellant was not charged with, or indicted, on Charge VII to which the out-of-court statement pertained. Appellant relies on Bruton v. United States, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968). However, Bruton applies to cases where an out-of-court statement by one defendant incriminates his co-defendant(s). Id., at 137. In the instant case, Charge VII was not applicable to appellant, and any out-of-court statement by a co-defendant relating to this charge could not lead to appellant's conviction on the charge, since he was not charged thereunder. Thus, there is no basis for this enumeration of error.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED APRIL 6, 1981.

*C. P. Brackett,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.