### 75931. SALCEDO v. THE STATE.
(372 SE2d 238)

DEEN, Presiding Judge.

Appellant was convicted of burglary and he appeals.

1. Appellant contends the trial court erred by denying his motion in limine, thereby allowing the State to present evidence of an alleged rape in Florida of which appellant was acquitted in a jury trial.

The indictment in the instant case alleged that appellant committed the offense of burglary with intent to commit rape. The victim in this case, Jan Martin, testified that she awoke about 6:00 a.m. and saw the dim image of a man, later identified as appellant, coming through her bedroom doorway. Appellant walked to the side of Martin's bed, took off his shoes, and sat on top of Martin, straddling her. Appellant did not have a shirt on; his pants were unzipped and his

penis was out. Martin realized that appellant was the man who had asked to use her telephone about a week earlier, stating that he was lost and wanted to call his brother for directions. Martin therefore decided to engage appellant in conversation and ultimately was able to escape by running out of her house to a neighbor's house. Entry to Martin's house had been gained through some French doors.

Over appellant's objection, asserted through his motion in limine, the State was allowed to present the testimony of Janice Wheaton and Detective John Zipperer concerning the alleged rape of Wheaton by appellant in Jacksonville, Florida; appellant had been tried there for burglary and sexual battery (rape), but was acquitted of sexual battery and found not guilty of burglary, but guilty of criminal trespass. Wheaton testified that she worked with appellant's wife, and appellant and his wife had made two social visits to Wheaton's apartment. She testified that the couple separated, and about a week later she awakened at 3:00 a.m. and appellant was standing at the side of her bed with a white sweater over his head. Appellant said "[s]pread your legs," got on top of Wheaton, and raped her.

Detective Zipperer testified that he was with the Jacksonville police department and investigated the complaint filed by Wheaton. Zipperer also testified that several items of physical evidence were collected which were later determined to have no evidentiary value. Zipperer testified that appellant was found not guilty of sexual battery and burglary in his Florida trial, but was found guilty of criminal trespass. After testifying that the State paid his expenses to appear in the instant case, Zipperer testified he would have paid every penny himself to come to Georgia, because "I felt that a criminal got off at the preceding trial in Jacksonville, and I felt that the man needed to be placed somewhere where he could not rape any more women."

Appellant contends that testimony relating to the sexual battery charge of which he was acquitted in Florida was admitted improperly, because the doctrine of collateral estoppel barred admission of the testimony of Wheaton and Zipperer.

While we agree with appellant that an acquittal is generally not admissible as evidence of a similar transaction because it amounts to relitigation of an issue already decided in a defendant's favor, this state has adopted an exception to this rule where a sexual offense is charged and the defendant has been previously acquitted. See *Felker v. State*, 252 Ga. 351 (314 SE2d 621) (1984).

In *Moore v. State*, 254 Ga. 674, 676 (333 SE2d 605) (1985), the court held that the State must satisfy a two-prong test for such evidence to be admitted: (1) that the defendant was in fact the perpetrator of the separate offense and (2) that the offenses are sufficiently similar so that proof of the former tends to prove the latter. To satisfy the first prong of the test in *Moore*, the State presented evidence

that the defendant admitted having sexual relations with the victim and claimed that she consented. As he was acquitted of rape and convicted of criminal trespass, it is obvious that the jury believed his consent defense. The State satisfied the second prong of the test by establishing the similarities between the offenses. In both instances, he entered the victim's residence during the early morning hours while the victim was asleep, that he was partially disrobed when he entered her bedroom, that he called out a name when he knocked on the door before entering without permission, that he admitted to drinking the night before, that he had been to the victim's home one or two weeks before the incident, that he knew the victim lived alone, and that he claimed to have sat down on the edge of her bed and talked to her.

As both requirements of the *Moore* case have been satisfied, the evidence was properly admitted and the appellant's conviction is affirmed. The *sine qua non* of *Felker* and the instant case is that *identity* and *participation of the acts* (except by consent on the latter case) is not in dispute, while in *Moore* they were in dispute. The case sub judice fits the legal test of *Felker* and *Moore* while also fitting the facts of *Felker*.

2. As no objection was raised in the court below to the testimony of a witness who testified as to appellant's testimony in the Florida trial, he has not presented this issue to this court for review on appeal. *Tolbert v. State*, 180 Ga. App. 703, 704 (350 SE2d 51) (1986).

3. After the trial court ruled that evidence surrounding the similar transaction in Florida was admissible it gave limiting instructions prior to the testimony of witnesses who either testified about appellant's testimony at trial or appeared as a witness at that trial. Defense counsel had requested such instructions and made no objection to their wording when they were given. On appeal, he contends that the court's charge to the jury: "Whether the accused has or has not committed any other similar offenses is a matter solely for your determination" was improper because it gave the jury the option of determining whether he had committed the similar offense when the Florida jury acquitted him. In making this argument, appellant overlooks the remainder of the charge which stated: "However, if you believe that the accused has had similar transactions, you will bear in mind with any such evidence you are considering solely with reference to the mental state or intent of the defendant insofar as the same is applicable to or refers to or illustrates the charge contained in the bill of indictment in this case and for no other purpose." We find no error in this charge taken as a whole. *Rosenthal v. Hudson*, 183 Ga. App. 712, 714 (360 SE2d 15) (1987). We also note that the State maintains that this charge was requested by the appellant.

4. Appellant filed a motion to prevent the use of the word "rape" during the course of his trial. The court denied the motion, but

agreed to give curative instructions the first time the word was used at trial.

The first time the word "rape" was used was when the judge read the indictment to the jury: "that said accused . . . without authority and with intent to commit a felony, to wit: rape therein, did enter a dwelling house . . ." No curative instruction was given after the reading of the indictment, and appellant raised no objection. We find that one was not necessary as the court was reading the indictment to inform the jury of the charges against the defendant. Later, when the Florida investigating officer testified that the defendant was charged with "sexual battery" in Florida, which was the same offense as "rape" in Georgia, no curative instruction was given and no objection was raised. The word "rape" was subsequently used several times during the testimony of the remaining witnesses. No curative instruction was given, and appellant neither renewed his request nor objected to the use of the word by the witnesses.

Accordingly, we find that he waived his objection to the use of the word "rape" during his trial. During trial, an accused cannot ignore what he considers to be an injustice, take his chances on a favorable verdict, and then complain of harm on appeal. *Castillo v. State*, 178 Ga. App. 312 (342 SE2d 782) (1986).

*Judgment affirmed. Banke, P. J., concurs. McMurray, P. J., Carley and Beasley, JJ., concur in judgment only. Birdsong, C. J., Sognier, Pope, and Benham, JJ., dissent.*

SOGNIER, Judge, dissenting.

I respectfully dissent. This case deals with application of the collateral estoppel doctrine when a defendant has been acquitted at a prior trial. It does not deal with the rule relating to admissibility of evidence of similar transactions, applied by the majority, and contrary to the statement in the majority opinion, *Felker v. State*, 252 Ga. 351 (314 SE2d 621) (1984), did not relax application of the collateral estoppel doctrine in cases involving sexual offenses.

The collateral estoppel doctrine provides that when an issue of ultimate fact has once been determined by a valid and final judgment, *that issue cannot again be litigated* between the same parties in any future lawsuit. *Moore v. State*, 254 Ga. 674, 675 (333 SE2d 605) (1985); *Riley v. State*, 181 Ga. App. 667, 668 (1) (353 SE2d 598) (1987); *Lucas v. State*, 178 Ga. App. 150 (342 SE2d 377) (1986). "In *Moore v. State*, [cit.], the Georgia Supreme Court held that evidence of prior criminal misconduct on the part of a defendant which would otherwise be relevant and admissible to prove identity, motive, bent of mind, or course of conduct *is rendered inadmissible* under the doctrine of collateral estoppel *where the defendant has been tried and acquitted* of the alleged prior offense." *Banks v. State*, 185 Ga. App.

851, 852 (366 SE2d 228) (1988). (Emphasis supplied.)

There is no question in the instant case that the State was attempting to relitigate the alleged rape of which appellant had been acquitted in Florida. The State was allowed to call Janice Wheaton, the alleged victim in the Florida case who testified that appellant entered her apartment, got on top of her, and *raped* her. The detective who investigated the Florida case was allowed to testify that he came to Georgia to testify because "I felt that *a criminal got off* at the preceding trial in Jacksonville, and I felt that the man needed to be placed somewhere *where he could not rape any more women.*" (Emphasis supplied.) It should be noted in this regard that appellant in the instant case was not charged with rape. If the testimony quoted above leaves any doubt that the State was relitigating the Florida rape case, that doubt was dispelled by the prosecuting attorney's question to Wheaton: "At what point in time did you realize that the person that . . . was *raping* you, was Raphael Salcedo [appellant]?" (Emphasis supplied.) Further, in her closing argument the prosecuting attorney stated that "[t]he man you have before you is a *rapist*," and "there is no doubt in my mind that she [Wheaton] was *raped* by this man." (Emphasis supplied.) Such statements by the prosecuting attorney and the testimony of Wheaton demonstrate clearly a blatant attempt by the State to relitigate the Florida case and establish that despite appellant's acquittal in Florida he did, in fact, rape Janice Wheaton. This is not permitted under the holdings in *Moore, Riley, Lucas* and *Banks*, supra. "A defendant's guilt 'may not be proved by showing the commission of other crimes to prove that the accused has a criminal nature.' [Cit.]" *Felker*, supra at 359 (1(a)).

Since the only apparent purpose of the State's relitigation of the alleged rape in Florida was to show that appellant was a person of bad character, I would reverse his conviction. "The fact that there is other sufficient evidence to convict does not make the error harmless; rather, the test is whether the evidence may have influenced the jury's verdict." *Moore*, supra at 677. In my opinion, no one could honestly say that evidence of the alleged rape in Florida did not influence the jury's verdict.

Lastly, I would like to point out that the majority opinion *sub silentio* overrules *Banks*, supra, authored by Presiding Judge Banke; *Riley*, supra, authored by Judge Carley; and *Lucas*, supra, authored by Judge Benham. Hence, I dissent to the failure of the majority opinion to specifically overrule those cases.

I am authorized to state that Chief Judge Birdsong, Judge Pope, and Judge Benham join in this dissent.

DECIDED JULY 1, 1988 — REHEARINGS DENIED JULY 14, 1988 AND JULY 22, 1988 —

*James E. Malone, Dennis C. O'Brien,* for appellant.
*Robert E. Wilson, District Attorney, Nelly F. Withers, Eleni Ann Pryles, Assistant District Attorneys,* for appellee.