## 46196. SALCEDO v. THE STATE.
(376 SE2d 360)

GREGORY, Justice.

Appellant Raphael Salcedo was convicted of burglary in DeKalb Superior Court. The Court of Appeals affirmed his conviction in *Salcedo v. State,* 188 Ga. App. 3 (372 SE2d 238) (1988).

The burglary victim testified that she woke up early one morning and saw Salcedo coming into her bedroom. Salcedo was partially clothed and held the victim on the bed, but she escaped after distracting his attention.

During the trial of the present case a victim of an earlier Florida incident testified that she woke up early in the morning and was raped by Salcedo after he had broken into her room. In the Florida case, Salcedo was tried for sexual battery, burglary, and criminal trespass. He was acquitted of sexual battery and burglary, and convicted of criminal trespass. We granted certiorari to determine whether collateral estoppel barred admission of a witness' testimony from Salcedo's Florida acquittal.

Although "some jurisdictions have adopted a per se rule prohibiting any evidentiary use of independent offenses where an acquittal was obtained. . . ." *Moore v. State,* 254 Ga. 674, 676 (333 SE2d 605) (1985), this court has not. Instead, "the application of collateral estoppel requires an examination of what facts were in issue and necessarily resolved in the defendant's favor at the first trial." Id.

*Felker v. State,* 252 Ga. 351 (1(b)) (314 SE2d 621) (1984), neither rejects the concept of collateral estoppel, as has been claimed, see Extension of Collateral Estoppel to Evidence from a Prior Acquitted Crime, 35 Mercer L. Rev. 1419 (1984) (cited by the Court of Appeals in the *Moore* case, 173 Ga. App. 765, at 768) nor "adopts an exception to this rule where a sexual offense is [involved]" as the majority of the Court of Appeals held in this case. 188 Ga. App. at 4.

*Felker* and *Moore* can be applied properly only if the issues involved are analyzed properly. It is incorrect to say, as did the Court of Appeals in this case, that the *"sine qua non"* of *Felker. . .* is that *identity* and *participation [in] the acts* [were] not in dispute. 188 Ga. App. at 5. The *"sine qua non"* of *Felker* is rather that it must be

determined whether an issue that *was* in dispute in the previous trial — and resolved in the defendant's favor — is what the state is now trying to establish in *this* trial, notwithstanding the previous acquittal. In *Felker*, identity was an important issue in the crime on trial, but was not a matter of dispute in the prior trial, in which Felker admitted the act but claimed consent. Given the bizarrely similar nature of the previous sexual act to the one involved in the crime on trial, the earlier incident was admissible to prove identity by establishing modus operandi, whether or not it was consensual. The issues relevant to the crime on trial simply were not resolved in the defendant's favor in the previous trial.

In the instant case, intent (not identity) was the issue in the crime on trial, and the previous crime was relevant, if at all, only if the defendant committed sexual battery (an offense comparable to our crime of rape) in the previous incident, not if he merely engaged in the act of consensual sexual intercourse. That issue, however, was resolved in his favor by the previous acquittal, and the state was precluded under the collateral estoppel doctrine from relitigating the issue. The trial court erred by allowing the state to prove the defendant's intent to commit rape in this case by proving that he committed rape in the previous incident.

*Judgment reversed. All the Justices concur, except Smith, Weltner and Bell, JJ., who concur specially.*

WELTNER, Justice, concurring specially.

I disagree with the majority's interpretation of our opinion in *Felker v. State*, 252 Ga. 351 (314 SE2d 621) (1984), but concur in the judgment of reversal. I write from a concern that, without a correct synthesis of this case with *Felker*, we might lead other trial courts into error.

1. First, we must acknowledge that there is no difference in the essential factual elements of *Felker* and the case now before us. In each case, the defendant had been tried for a series of offenses arising out of a single incident, and was convicted on one charge. In each case, the defendant was *acquitted* of a forcible sexual assault (in *Felker*, of rape; in this case, of sexual battery). In each case, the state presented, as evidence of "similar crimes," the testimony of the victim in the earlier prosecutions. In each case, the victim testified that the defendant had committed acts for which each defendant had been *acquitted*.

2. I respectfully disagree with the majority's analysis of *Felker*, and most especially with the statement at p. 2: "Given the bizarrely similar nature of the previous sexual act to the one involved in the crime on trial, the entire incident was admissible to prove identity by establishing modus operandi, whether or not it was consensual."

Such a rule — depending upon mere similarity, and heedless of prior acquittal — would eliminate the very doctrine of collateral estoppel that the majority purports to uphold. It would offer no guidance to trial courts,[1] and would authorize the admission of evidence (in a subsequent prosecution of a similar crime) of a long string of prior prosecutions, even though a defendant had been acquitted of *all* charges.[2]

3. Properly understood, *Felker* stands for the proposition that, in multiple prosecutions arising out of one incident, the relevance of the *incident itself* (to a subsequent prosecution for a similar crime) is not destroyed by a defendant's acquittal on *one* of the criminal charges resulting from that incident. Thus, in *Felker*, the victim certainly might testify concerning the forcible sodomy (for which Felker was convicted), as well as other aspects of the incident. However, she would be prohibited from testifying (in a subsequent prosecution of a discrete offense) as to the essential *forcible* element of the rape charge, on which Felker was acquitted.[3]

4. In *Felker*, error was assigned to the admission into evidence of the "extrinsic offense."

In his eleventh enumeration of error, appellant contends that the extrinsic offense was inadmissible because, although he was convicted in 1976 of aggravated sodomy, he was acquitted on the rape count.

252 Ga. at 361.

That contention properly was rejected, in view of the clear similarity of the prior incident to that on trial, and of the fact that Felker was convicted on one of the constituent counts of the "extrinsic offense." Our specific holding as to this enumeration was: "His contention that the 1976 crime was inadmissible, because of the acquittal, is meritless." Id., p. 362.

Thus, while the significant factual elements of *Felker* and of this

---

[1] I disagree also with the majority's statement concerning *Felker*: "The issues relevant to the crime on trial simply were not resolved in the defendant's favor in the previous trial." (*Salcedo*, at 871.) In Felker's first trial for rape, the essential element of force *was* resolved in his favor by virtue of his acquittal on the rape charge.

[2] Indeed, the Georgia prosecution against Salcedo is fully as "bizarrely similar" to his Florida prosecution as were the two prosecutions in *Felker*. In both of Salcedo's cases, the victims were awakened in the early morning hours to find that Salcedo had broken into their rooms. In each case, the victims testified that Salcedo assaulted them sexually. In each case, Salcedo admitted his presence, but claimed that the sexual encounter was consensual. In the prior prosecutions of both Felker and Salcedo, the jury returned verdicts of not guilty in the forcible sexual assault counts, and returned convictions on other counts arising out of the earlier incidents.

[3] This is, of course, consistent with the *holding* of the majority in the present case, in which I concur.

case are indistinguishable, the enumerations of error on appeal are substantially different. The holding in *Felker*, based upon the specific enumeration of error urged on appeal, was correct. The *holding* of the majority in this case, based on the doctrine of collateral estoppel, also is correct. The majority's *analysis* of *Felker* is, I suggest, inappropriate.

I am authorized to state that Justice Smith and Justice Bell join in this special concurrence.

DECIDED FEBRUARY 15, 1989.

Raphael E. Salcedo, *pro se.*

Robert E. Wilson, *District Attorney,* Nelly Withers, Eleni Ann Pryles, *Assistant District Attorneys*, for appellee.