A89A0457. HARTLEY v. THE STATE.
(384 SE2d 204)

BENHAM, Judge.
This appeal is from appellant's conviction of burglary. He complains of the State's use of evidence of a previous burglary for which he was tried and acquitted, and of prosecutorial misconduct. We agree that the introduction of evidence concerning the burglary of which appellant was acquitted was error, and reverse.

1. At the trial of the burglary of which appellant was acquitted, he did not deny his presence at the burglary, but swore that he was not aware that a burglary was going to happen until the others entered the burgled premises. It was thus his state of mind or intent which was litigated and resolved in his favor at that trial. The stated reason for offering evidence of that burglary at the trial of this case was to show appellant's "motive, plan, scheme, bent of mind," etc. Those are the equivalent of intent, exactly the issue resolved in appellant's favor in the first trial. The trial court erred, therefore, in permitting evidence of the burglary of which appellant was acquitted. *Salcedo v. State,* 258 Ga. 870 (376 SE2d 360) (1989).

2. Appellant's second enumeration of error concerns the trial court's denial of appellant's motion to dismiss on the ground of prosecutorial misconduct. The motion was based on the conduct of the assistant district attorney who handled the trial of this case and of the case in which appellant was acquitted. Specifically, appellant complains that the assistant district attorney, after appellant's ac

quittal, subpoenaed appellant to testify at the trial of a co-defendant; that during his examination of appellant, the assistant district attorney questioned appellant not only about the burglary for which he had been acquitted, but about the burglary involved in this appeal, even though the burglary involved in this appeal occurred in a different county; and that appellant was not cautioned by the assistant district attorney or by the trial court about his rights against self-incrimination. While we share appellant's concern about the propriety of such conduct, we agree both with the assistant district attorney's statement in colloquy with the trial court that the question of whether he breached what he termed his "prosecutorial ethics" is for another body to determine, and with the State's argument in its brief that appellant should have sought suppression of the fruits of the questioning rather than dismissal of this action. Since the conviction must be reversed for the error in admitting evidence concerning the burglary of which appellant was acquitted, appellant will have an adequate opportunity to seek that relief upon retrial, and we need make no ruling in that regard.

*Judgment reversed. Deen, P. J., and Birdsong, J., concur.*

DECIDED JUNE 21, 1989 —
REHEARING DENIED JULY 7, 1989.

*John E. Sawhill III, William F. Sparks*, for appellant.
*Jack O. Partain III, District Attorney, Kermit N. McManus, Assistant District Attorney*, for appellee.