## A97A1254. HOWARD v. THE STATE.
### (488 SE2d 489)

MCMURRAY, Presiding Judge.

Defendant was tried before a jury and found guilty of a sole count of burglary. The 68-year-old victim, Mary D. Ellison, identified defendant as the "the man [she saw] crawling at the foot of [her] bed," at approximately 1:30 a.m. She affirmed she turned on a lamp and when she "touched the light . . . [h]e was . . . about two or three feet [away], because [she] was in bed." Ellison "keep[s] [her] purse right there by the T.V., where [defendant] was crawling at, down there where he was crawling at."

The victim knew defendant's "parents. They live down the street [so the victim had] been knowing [defendant] a pretty good while." Ellison spoke to defendant, saying "that [she] was going to get this gun and blow [defendant's] brains out. And so, then he got up and backed and went on back out. He tried to get out the front door, but he couldn't get out the front door. So he tried the back door. He left the back door open."

Defendant subsequently contacted the victim and told her, "don't testify. You tell them it wasn't me. You can tell them it wasn't me." He "called [her] two times." Defendant also accosted her in a grocery store, "trying to talk to [the victim] then, trying to — told [her] to drop the charges, to call you all [the authorities], call you all and drop the charges." Defendant also threatened the victim, telling her "what he's going to do to [her]. . . ."

Officer Allen Little of the Columbus Police Department responded to a burglary call at the victim's address. The victim "stated that she could point out the house [where the suspect lived], and she took [Officer Little] straight to [defendant's] mother's house." In the opinion of Special Agent Thomas James Davis, Sr., a polygraph examiner with the Georgia Bureau of Investigation, defendant was deceptive when he denied being in the victim's bedroom that

night. Gwendolyn Johnson, defendant's former girl friend, was permitted to testify about a burglary at her apartment when someone stole her "T.V. and [her] telephone with the radio." Two weeks later, defendant told Gwendolyn Johnson, "yeah, I broke into your house. . . ."

From the judgment of conviction and 20-year sentence, defendant brings this direct pro se appeal. *Held*:

1. Defendant first contends the trial court erred in admitting evidence of the separate burglary of Gwendolyn Johnson's apartment. He argues the State never proved he committed that crime and so it is inadmissible, citing *Salcedo v. State*, 258 Ga. 870 (376 SE2d 360).

"In order for a similar transaction to be admissible, it is not required that the transaction resulted in a conviction." (Citations and punctuation omitted.) *Grier v. State*, 218 Ga. App. 637, 639 (2) (463 SE2d 130). Accord *Green v. State*, 178 Ga. App. 203 (2), 204 (342 SE2d 386). Defendant's reliance on *Salcedo v. State*, 258 Ga. 870, supra, is misplaced. In *Salcedo*, evidence of a prior alleged sexual assault was erroneously admitted where that defendant had been tried and "*acquitted* of sexual battery and burglary, [but] convicted of criminal trespass." (Emphasis supplied.) Id. We find no error.

2. Over defendant's hearsay objection, Geraldine Chambliss, Gwendolyn Johnson's neighbor, was permitted to relate the observations of Cory Lewis, who watched as defendant allegedly burglarized the Johnson apartment. Defendant argues the State must show necessity to admit hearsay under OCGA § 24-3-1 (b) and here the State failed to do so.

The statement objected to is Cory Lewis' observation to Geraldine Chambliss, "there ain't nobody but Gwen's baby's daddy and he's helping her move some stuff." We assume, without deciding, this statement was not admissible under OCGA § 24-3-3 as an excited utterance and further assume it does not fit within any other recognized exception to the prohibition against hearsay. Nevertheless, we hold the admission of this irrelevant and nonprobative hearsay was harmless in this instance.

"Inadmissible hearsay which is received over objection does not require a new trial if it appears that the evidence could not have affected the verdict because other evidence by a witness with immediate and personal knowledge is sufficient to establish the fact in question. *Lovett v. State*, 60 Ga. 257; *Parish v. State*, 117 Ga. App. 616 (1) (161 SE2d 426)." *Glass v. State*, 235 Ga. 17, 18 (2), 19 (218 SE2d 776). Geraldine Chambliss testified from her personal knowledge that moments before, defendant was calling for Gwendolyn Johnson and that she subsequently heard "scrubbing" noises from the Johnson apartment as if furniture were being moved. Defendant subsequently admitted to Gwendolyn Johnson, "yeah, I broke into your

house. . . ." This latter evidence, even if technically hearsay, is nevertheless admissible as an admission by defendant against his penal interest. OCGA § 24-3-31; *Crossley v. Collins*, 128 Ga. App. 889, 890 (2) (198 SE2d 428). Thus, there is competent evidence placing defendant in Gwendolyn Johnson's apartment during that burglary. It follows the erroneous admission of hearsay evidence of that fact was harmless in this instance.

3. In his third enumeration, defendant contends the trial court abused its discretion in allowing the testimony of Special Agent Davis, who interpreted the results of defendant's polygraph examination. He argues that the State violated his rights "by not furnishing [him] with the test results and a copy of the chart reading," as envisioned in a stipulation.

The State and defendant "stipulated to [the] admissibility of the results of said polygraph." The "results and/or opinions resulting from the examination [were] to be released orally and in writing by the polygraphist to both sides within fifteen days after the administration [of the polygraph]." The State's attorney explained to the trial court that the written report "has three boxes, and it says, non-deceptive; deceptive; or inconclusive. And one of the boxes is checked. In this case, deceptive has been checked. That's the written report we're talking about. The day of the test, [defense counsel] was given oral notice that, in fact, [defendant] failed the test, and he was — there were signs of deceptiveness in his . . . chart readings. [Defense counsel] was given oral notice of that immediately." Moreover, the State's attorney "sen[t] him everything, including this written report, three or four weeks [before trial]." Defense counsel conceded he received oral notice.

In our view, the trial court was authorized to conclude that the failure to provide the written report within the 15 days envisaged by the stipulation did not amount to any material breach of that stipulation, since defense counsel was given immediate oral notice that defendant showed signs of deceptiveness and the written report confirming that interpretation was actually provided to the defense at least three weeks before trial. This enumeration is without merit.

4. Next, defendant contends the trial court "committed malpractice by not granting a mistrial on [its] own motion [and further] showed bias . . . by violating OCGA § 17-8-57."

"The present rule is that the question of whether OCGA § 17-8-57 has been violated is not reached unless an objection or motion for mistrial is made." (Citations and punctuation omitted.) *Cornelius v. State*, 213 Ga. App. 766, 770 (3) (445 SE2d 800). Here, none was made. The references to the transcript do not support any contention that a mistrial was demanded because of manifest necessity to prevent a miscarriage of justice. The trial court did not err in failing to

grant, sua sponte, a mistrial under these circumstances. *Johnson v. State*, 158 Ga. App. 398 (2), 399 (280 SE2d 419). Accord *Assad v. State*, 195 Ga. App. 692 (1) (394 SE2d 617).

5. Defendant's fifth enumeration contends trial counsel "didn't give appellant effective assistance of counsel." But this claim was procedurally defaulted when defendant proceeded with this direct appeal rather than insisting on an evidentiary hearing as part of a motion for new trial. *Chatman v. State*, 265 Ga. 177, 178 (2) (453 SE2d 694).

6. Defendant challenges the sufficiency of the evidence.

(a) "On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the appellant (defendant here) no longer enjoys a presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Conflicts in the testimony of the witnesses, including the State's witnesses, is a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citations and punctuation omitted.) *Turner v. State*, 223 Ga. App. 448, 449 (1) (a) (477 SE2d 847).

(b) "A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another. . . ." OCGA § 16-7-1 (a). Here, the State proved that Ellison's dwelling was entered without her permission or authority. *Brinson v. State*, 208 Ga. App. 556, 557 (3), 558 (430 SE2d 875). The presence of valuables, such as Ellison's television, is sufficient to support an inference of defendant's intent to steal. *Miller v. State*, 208 Ga. App. 547 (1) (430 SE2d 873). In the case sub judice, the evidence was sufficient to authorize the jury's verdict that defendant is guilty, beyond a reasonable doubt, of burglary as alleged in the indictment.

(c) Defendant's remaining contention that double jeopardy would preclude a retrial has been considered and found to be without merit.

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED JUNE 10, 1997 —
RECONSIDERATION DENIED JUNE 19, 1997 — ▮▮▮▮▮▮▮

Roderick Howard, *pro se.*

*J. Gray Conger, District Attorney, Patrick B. Moore, Assistant District Attorney*, for appellee.