## A99A2224. ANTHONY v. THE STATE.

(522 SE2d 677)

McMurray, Presiding Judge.

Defendant was tried before a jury and convicted of two counts of child molestation. This appeal followed the denial of his motion for new trial. *Held*:

1. The 13-year-old victim (15 years old at the time of trial) testified that defendant committed acts which constitute the crimes charged. This evidence is sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of two counts of child molestation. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). And while aspects of the victim's testimony may appear to vary, these matters were for the jury to consider — not this Court. *Howard v. State*, 227 Ga. App. 5, 8 (6) (a) (488 SE2d 489). See *Berry v. State*, 268 Ga. 437 (1), 438 (490 SE2d 389).

The trial court did not err in denying defendant's motion for new trial.

2. Defendant contends the trial court erred in admitting evidence of the victim's out-of-court statement concerning the acts which constitute the crimes charged, arguing that this statement was not admissible under the child hearsay statute, OCGA § 24-3-16, because the trial court did not consider the statement's reliability under the test set out in *Gregg v. State*, 201 Ga. App. 238, 240 (3) (b) (411 SE2d 65). This argument is without merit.

*Gregg v. State*, supra, does not prescribe a fixed test for weighing a statement's reliability for admission into evidence under OCGA § 24-3-16. The victim's trial testimony in the case sub judice was sufficient under *Sosebee v. State*, 257 Ga. 298 (357 SE2d 562), to afford the trial court an opportunity to weigh the indicia of reliability — a finding which is implicit under the trial court's admission of the victim's out-of-court statement. *Letlow v. State*, 222 Ga. App. 339, 343 (3) (474 SE2d 211); *Roberson v. State*, 214 Ga. App. 208, 210 (5) (447 SE2d 640).

The trial court did not err in admitting evidence of the victim's out-of-court statement concerning the acts which constitute the crimes charged.

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

Decided September 17, 1999.

*Ellis R. Garnett*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.