S01A0377. GARDNER v. THE STATE.
(546 SE2d 490)

BENHAM, Chief Justice.
    Robert Johnson was fatally shot in the parking lot of a Savannah nightclub in August 1998.[1] The State presented evidence that the victim had left the nightclub and gone to the parking lot at appellant Stacey Gardner's request because Gardner wished to speak with him there. One witness testified that he saw appellant shoot Johnson. The State also presented the testimony of a man who had been shot by appellant on a previous occasion, and another man at whom appellant had pointed a gun.
    1. The evidence, both circumstantial and direct, was sufficient to authorize a rational trier of fact to find appellant guilty of all the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Mullins v. State*, 269 Ga. 157 (1) (496 SE2d 252) (1998). It is the jury's role to resolve conflicts in the evidence and determine the credibility of witnesses. *Metts v. State*, 270 Ga. 481 (2) (511 SE2d 508) (1999). Viewing the evidence in the light most favorable to the jury's verdict, we conclude that a jury could have reasonably found that every reasonable hypothesis was excluded except for appellant's guilt. *Mul-*

---

[1] Appellant was indicted on January 27, 1999, for malice murder, two counts of felony murder, aggravated assault, possession of a firearm by a convicted felon, two counts of possession of a firearm during the commission of a crime, and two counts of use of a firearm by a convicted felon. After a jury trial was held on September 27 through September 30, 1999, the jury found appellant guilty on all counts. Appellant was sentenced to life in prison for the malice murder charge, five years for the charge of possession of a firearm during the commission of a crime, and fifteen years for the charge of use of firearm by a convicted felon, all to be served consecutively. The felony murder and aggravated assault charges were vacated by operation of law. Appellant filed a motion for new trial on October 18, 1999, and an amended motion for new trial on July 25, 2000. The amended motion was denied on September 20, 2000. Appellant filed a notice of appeal on October 10, 2000, which was docketed to this Court on November 22, 2000, and orally argued on February 19, 2001.

*lins,* supra.

2. In his first enumeration of error, appellant asserts the trial court erred in admitting, as evidence of a similar transaction, the testimony of the man who stated appellant pointed a gun at him and pulled the trigger. Appellant argues that the evidence should not be admitted because he was subsequently acquitted of all charges arising from that incident in a trial that took place nine months after appellant was convicted of Johnson's murder. Appellant relies on this Court's decision in *Salcedo v. State,* 258 Ga. 870 (376 SE2d 360) (1989), where this Court held that the collateral estoppel effect of an independent offense where an acquittal was obtained depends on what facts were in issue and whether they were resolved in the defendant's favor. Based on this reasoning, this Court reversed the conviction of a defendant convicted of rape due to the improper admission of similar transaction evidence for the purpose of showing intent where the defendant had been acquitted of the crime and had the issue of intent resolved in his favor.

However, the doctrine of collateral estoppel only operates to preclude the relitigation of issues that have been *previously* resolved between the same parties. Collateral estoppel applies only after examining whether certain facts were resolved in the defendant's favor at a *prior* trial. *Harmon v. State,* 259 Ga. 444 (4) (383 SE2d 874) (1989). Thus, the doctrine of collateral estoppel and the holding in *Salcedo,* supra, are inapplicable to the present case. So long as the trial court in the present case otherwise followed the standards for admitting evidence of a similar transaction, the fact appellant was subsequently acquitted of the offense used as a similar transaction would not retroactively render that decision erroneous.

In another enumeration of error, appellant argues that the trial court erred in admitting the testimony because the evidence did not meet the standards for admitting similar transaction evidence outlined in *Williams v. State,* 261 Ga. 640 (2) (b) (409 SE2d 649) (1991). In order for evidence of independent offenses or acts to be admitted into evidence under *Williams,* a hearing must be held where the state must make three affirmative showings with respect to each independent offense to be introduced: (1) the evidence must be admitted for a proper purpose; (2) there must be sufficient evidence to establish the accused committed the independent act; and (3) there must be a sufficient connection or similarity between the independent offense and the crime charged so that proof of the former tends to prove the latter. *Williams,* supra.

The trial court admitted the testimony for the purpose of showing modus operandi, course of conduct and bent of mind, which are proper purposes under *Williams.* Id. at n. 2. We also conclude the state met the second prong of the *Williams* criteria. The state is only

required to prove the accused committed a similar transaction by a preponderance of the evidence. *Freeman v. State*, 268 Ga. 185 (4) (486 SE2d 348) (1997). We conclude that the state met this burden by presenting testimony of a victim who stated that appellant had attempted to shoot him in the head as well as the testimony of a witness who heard the incident, while talking to the victim, through her cellular phone.

The state has met the third prong of the *Williams* criteria, sufficient similarity between the crime at issue and the similar transaction. In reviewing whether sufficient similarities exist to create a connection between the independent act and the instant act such that the former tends to prove the latter, this Court must focus on the similarities between the two acts rather than the dissimilarities. *Farley v. State*, 265 Ga. 622 (2) (458 SE2d 643) (1995). While there must be proof of a sufficient similarity between the independent offense and the instant crime charged, the two crimes need not be carbon copies of one another to be admissible. *Smith v. State*, 264 Ga. 46 (2) (440 SE2d 188) (1994) ("[T]he independent act does not have to be identical in character to the charged offense if there is a sufficient connection between them."); *Williams v. State,* supra. In both instances, appellant used a handgun; committed the offenses late in the night; had others with him as he committed the offenses; committed the offenses with little or no provocation; fled the scene immediately after he committed the offense; and attempted to cause serious injury or death. Thus, we conclude the state demonstrated sufficient similarity between the crime at issue and the similar incident and the trial court did not err in admitting the similar transaction evidence. See *Davis v. State*, 244 Ga. App. 708 (3) (536 SE2d 596) (2000); *Griffin v. State*, 241 Ga. App. 783 (2) (527 SE2d 577) (1999).

3. Appellant argues it was error for the trial court to admit evidence of an aggravated assault that he committed in 1991 as a similar transaction. A witness testified that appellant shot him after he spilled a drink on the car in which appellant was riding. Appellant pled guilty to the charge of aggravated assault.

The state met the first prong of the *Williams* standard. Evidence of the 1991 aggravated assault was admitted to show course of conduct, intent and bent of mind, acceptable purposes under the *Williams* criteria. *Williams*, supra, n. 2. The state also met the second prong of the *Williams* standard. The state introduced appellant's guilty plea and conviction for the 1991 offense. The state also presented testimony from the victim regarding the events. Thus, we conclude that the state presented sufficient evidence to establish appellant committed the similar transaction as required by *Williams*. The state has also met the third *Williams* requirement. In both cases appellant used a handgun; attempted to inflict serious injury on the

victims; was accompanied by others at the time he committed the crimes; committed the crimes in the late evening hours; committed the crimes with little or no provocation; and fled the scene after committing both crimes. We conclude these facts demonstrate a sufficient connection or similarity between the independent offense and the crime charged so that proof of the former tends to prove the latter. See *Davis,* supra; *Griffin,* supra. Thus the trial court did not err in admitting evidence of the 1991 aggravated assault.

4. Appellant argues the trial court erred in allowing into evidence a statement made by appellant to a detective because he had invoked his right to counsel. Upon being read his *Miranda* rights, appellant stated that he wanted an attorney present and did not want to talk with the detective. The detective then informed appellant that he was being arrested for murder. Appellant asked what type of evidence the detective had against him, to which the detective responded that he could not talk to him any further because appellant had invoked his rights. Appellant persisted in asking questions of the detective. The detective stated that a witness had given a statement implicating appellant in the crime. Appellant then agreed to speak to the detective.

Police may not interrogate any suspect who has requested an attorney, unless counsel is made available to the accused or the accused initiates further communication with the police. *Haynes v. State,* 269 Ga. 181 (4) (496 SE2d 721) (1998). We conclude the trial court was authorized to conclude that appellant initiated communication with police after his unequivocal request for counsel by persisting in asking questions of the detective after he told appellant he was not allowed to speak to appellant due to his invocation of his *Miranda* rights. Accordingly, this enumeration of error has no merit.

5. Appellant argues the trial court erred in not granting him a mistrial after a witness commented about appellant allegedly committing armed robbery in connection to the aggravated assault appellant allegedly committed for which appellant was acquitted[2] and after negative character evidence was admitted into evidence when the court allowed the jury to listen to an audiotape of Gardner's interrogation by a police detective, that was supposed to have been redacted to completely omit reference to a prior crime appellant committed. The trial court gave curative instructions to the jury instead. A trial court's discretion in granting or refusing to grant a mistrial should not be disturbed unless a mistrial is essential to the preserva-

---

[2] The disputed testimony is as follows:
Q. Okay. Did you hear the voices say anything else besides that he was supposed to die but man I dropped the clip?
A. Well, I heard things before that what they had robbed him for.

tion of the right to a fair trial. *Sims v. State*, 268 Ga. 381 (2) (489 SE2d 809) (1997); *Stanley v. State*, 250 Ga. 3 (2) (295 SE2d 315) (1982). In determining whether a trial court abused its discretion, an appellate court may consider "the nature of the statement, the other evidence in the case, and the action taken by the court and counsel concerning the impropriety." *Sabel v. State*, 250 Ga. 640 (5) (300 SE2d 663) (1983) (overruled on other grounds, *Massey v. Meadows*, 253 Ga. 389 (321 SE2d 703) (1984)). We have held that curative instructions are a proper remedy when a witness improperly places a defendant's character into evidence. *Sims*, supra; *Beach v. State*, 258 Ga. 700 (373 SE2d 210) (1988); *Stanley*, supra. Here, the trial court gave the jury curative instructions immediately after defense counsel objected to mention of a robbery and after the audiotape containing the negative character evidence was played for the jury. Thus, under these circumstances, we conclude a new trial was not essential to preserving appellant's right to a fair trial and the trial court did not abuse its discretion in refusing to grant a mistrial.

6. Appellant contends the trial court erred in failing to give the jury his requested charge on the principle that the testimony of an accomplice to a crime will not be sufficient, standing alone, to warrant a conviction. At trial, appellant attempted to advance the theory that a friend of appellant, Miller, who had also been charged in connection with the shooting and was present at the time the victim was shot, was the actual shooter. A requested charge must be " 'legal, apt and precisely adjusted to some principle involved in the case and be authorized by the evidence.' " *Hill v. State*, 259 Ga. 557 (3) (385 SE2d 404) (1989) (quoting *Estep v. State*, 181 Ga. App. 842, 844 (353 SE2d 913) (1987)). The trial court did not err in not giving the requested charge because the charge was not adjusted to some principle in the case and not authorized by the evidence. The record reflects that appellant's friend had not implicated him in the killing and there was other evidence and testimony from other witnesses that implicated him in the crime. Thus, the trial court was not required to give appellant's requested charge.

7. Finally, appellant contends the trial court erred in admitting, under the necessity exception to the hearsay rule, a videotape of a statement made by a witness who was subpoenaed to testify but never appeared in the courtroom. Appellant argues that diligent efforts were not made to find the witness in that the state only tried to locate him for one day. Appellant further contends that the statement was not relevant to a material fact or more probative on that material fact than other evidence that could have been produced. Even assuming the trial court erred in admitting the statement, we conclude that the error was harmless as the state presented witnesses who testified to the same facts as the witness who gave the

videotaped statement. *Smith v. State*, 266 Ga. 827 (4) (470 SE2d 674) (1996). Accordingly, appellant's enumeration is without merit.

*Judgment affirmed. All the Justices concur, except Fletcher, P. J., and Sears, J., who concur in judgment only as to Division 2.*

DECIDED MAY 7, 2001.

*Mark J. Nathan*, for appellant.

*Spencer Lawton, Jr., District Attorney, George R. Asinc, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Daniel G. Ashburn, Assistant Attorney General*, for appellee.