## A03A1672. MURPHY v. THE STATE.
(587 SE2d 223)

ELLINGTON, Judge.

A Chatham County jury found Richard James Murphy "guilty but mentally ill" of criminal damage to property in the second degree, OCGA § 16-7-23 (a) (1). Following the denial of his motion for new

---

trial, Murphy appeals, challenging the admission of similar transaction evidence and the sufficiency of the evidence. Finding no error, we affirm.

Viewed in the light most favorable to the prosecution,[1] the record shows the following facts. On January 11, 2002, after spending a cold winter's night sleeping outside, Murphy tried unsuccessfully to get a disability check cashed. With no place to go, Murphy decided to get himself arrested. He used a brick to break into a Savannah coffee shop which had closed for the evening and then rampaged through the store, breaking merchandise and equipment and knocking over furniture. When police officers responded to a 911 call, they found Murphy inside the store, drinking orange juice and calmly waiting for them to arrive.

Pursuant to OCGA § 17-7-131 and Uniform Superior Court Rule 31.4, Murphy pled not guilty by reason of insanity and served notice of his intention to raise the issue of insanity at trial. Murphy testified on his own behalf, admitting the conduct charged in the indictment, and presented the testimony of one expert forensic psychologist.

1. Murphy contends the trial court erred in admitting evidence of three similar transactions which occurred in 1986, 1991, and 1994. Each involved Murphy's smashing glass windows of business premises after closing hours and then remaining at the scene until arrested. The trial court admitted the evidence for the purpose given by the State, to show Murphy's bent of mind and course of conduct. Murphy contends, as he did at trial, that the State actually intended to use the evidence for an improper purpose, specifically to show that Murphy had been adjudicated sane at the time of those acts.

Bent of mind and course of conduct are proper purposes for similar transaction evidence. *Gardner v. State*, 273 Ga. 809, 810 (2) (546 SE2d 490) (2001). In this case, the trial court carefully limited the jury's consideration of the similar transaction evidence to these purposes, both when the evidence was admitted and in the final charge. Because "qualified jurors under oath are presumed to follow the trial court's instructions,"[2] we find no basis to conclude the jury put the evidence to some other, impermissible purpose.

Murphy further contends on appeal that the 1986 incident was too remote in time and that the similar transactions evidence was unduly prejudicial because it was not needed to prove a disputed issue. But Murphy failed to object to the similar transactions evidence on these grounds at trial.

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] (Citations omitted.) *Smith v. State*, 267 Ga. 372, 374 (3) (477 SE2d 827) (1996).

In order to preserve an objection upon a specific ground for appeal, the objection must be made at trial upon that specific ground. Objecting on specific grounds waives the grounds not asserted. The rule is that the scope of review is limited to the scope of the ruling in the trial court as shown by the trial record and cannot be enlarged or transformed through a process of switching or shifting.

(Citations and punctuation omitted.) *Parrish v. State*, 237 Ga. App. 274, 280-281 (4) (514 SE2d 458) (1999).

For these reasons, this enumeration presents no basis for reversal.

2. Murphy contends he was entitled to a verdict of not guilty by reason of insanity. In Georgia,

[d]efendants are presumed sane, and a defendant claiming insanity bears the burden to prove [his] insanity by a preponderance of the evidence. Because the jury rejected [Murphy's] insanity defense at trial, we must determine on appeal whether, after reviewing the evidence in the light most favorable to the State, a rational trier of fact could have found that the defendant failed to prove by a preponderance of the evidence that [he] was insane at the time of the crime. Unless the evidence of insanity is overwhelming, the jury's determination that the defendant was sane should be upheld.

(Punctuation and footnotes omitted.) *Boswell v. State*, 275 Ga. 689, 691 (2) (572 SE2d 565) (2002).

Murphy contends that the State offered no evidence to rebut the evidence he introduced that he was insane at the time of the crime. Indeed, Murphy presented the only expert testimony, and the expert testified that Murphy suffers from a disordered and delusional thought process which renders him incapable of distinguishing right from wrong. As the Supreme Court of Georgia has held, however, "[t]he jury . . . is not bound by the opinions of expert witnesses. It may look to, among other things, the words, conduct, demeanor, motive, and other circumstances connected with [Murphy's] acts in determining [his] sanity. The jury also may decide what credibility and weight to give the expert['s] opinion[ ]." (Footnotes omitted.) *Boswell v. State*, 275 Ga. at 691 (2). In this case, the evidence showed that Murphy was mentally ill, but the jury also heard sufficient evidence to support its decision that Murphy knew right from wrong at

the time he ransacked the coffee shop.[3] The jury heard evidence that Murphy knew society thought his conduct was wrong and, in fact, deliberately chose the course of action *because* it was criminal and would get him arrested. In assessing what weight to give the expert's testimony, the jury was entitled to consider that the expert failed to ask Murphy why he wanted to be arrested and was unable to identify any specific delusion Murphy had that would have legally justified his conduct. See id. Because the evidence showed that Murphy intended by his actions to damage a substantial amount of the coffee shop's property, we conclude that the evidence presented at trial was sufficient to enable a rational trier of fact to find Murphy guilty but mentally ill for the crime for which he was convicted, and the trial court therefore correctly denied Murphy's motion for a new trial. Id.

*Judgment affirmed. Blackburn, P. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 4, 2003 — 

*Martin G. Hilliard*, for appellant.

*Spencer Lawton, Jr., District Attorney, Ann M. Elmore, Assistant District Attorney*, for appellee.

---

[3] See *Boswell v. State*, 275 Ga. at 690-691 (1):

[A] defendant is not guilty by reason of insanity if, at the time of the criminal act, the defendant did not have the mental capacity to distinguish between right and wrong in relation to such act or a mental disease caused a delusional compulsion that overmastered [his] will to resist committing the crime. A defendant who is not insane may nonetheless be found guilty but mentally ill if, at the time of the crime, the jury finds beyond a reasonable doubt that [he] committed the crime and had a disorder of thought or mood which significantly impairs judgment, behavior, capacity to recognize reality, or ability to cope with the ordinary demands of life. When a delusional compulsion is the basis of an insanity defense, the delusion must be one that, if it had been true, would have justified the defendant's actions.

(Punctuation and footnotes omitted.)