[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 25, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-10909
Non-Argument Calendar

_____

D. C. Docket No. 04-03729-CV-RWS-1

WASEEM DAKER,

Petitioner-Appellant,

versus

ATTORNEY GENERAL THURBERT E. BAKER,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(January 25, 2008)**

Before BIRCH, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Waseem Daker, proceeding pro se, appeals the district court's dismissal of his petition for a writ of habeas corpus. The dismissal was based on the court's conclusion that Daker was not "in custody" for purposes of 28 U.S.C. § 2241, depriving the court of jurisdiction to consider his petition.

## I.

In November 1995, a Cobb County, Georgia grand jury returned an indictment against Daker, charging him with two courts of aggravated stalking. The crimes alleged in the indictment took place on October 14 and October 20 of that year. Daker was tried and convicted on the Cobb County charges in September 1996 and sentenced to ten years imprisonment. After his conviction in Cobb County, a Fulton County grand jury returned an indictment in November 1996 alleging that Daker had stalked the same victim in Fulton County between December 15, 1994 and September 1, 1995.

In response, Daker entered a plea in bar of autrefois convict, which is a "plea in bar of arraignment that the defendant has been convicted of the offense," Black's Law Dictionary 145 (8th ed. 2004). He argued that the Double Jeopardy Clause of the United States Constitution barred the prosecution of the Fulton County indictment because he had already been convicted of the crimes charged in it. The Fulton County Superior Court denied his plea in bar, and Daker appealed.

2

The Georgia Court of Appeals affirmed the trial court's rejection of his plea. Daker v. State (Daker I), 548 S.E.2d 354, 357 (Ga. Ct. App. 2001). The Georgia Supreme Court denied his petition for certiorari, Daker I, 548 S.E.2d at 354, and the United States Supreme Court did the same, Daker v. Georgia, 535 U.S. 1085, 122 S. Ct. 1977 (2002).

Meanwhile, in November 2001 the Fulton County prosecutor moved to "dead docket" the Fulton County indictment because the victim could not be located. The superior court granted the motion, stating that the indictment would not be returned to the live docket without notice to Daker.

In December 2004 Daker filed the habeas petition that gave rise to this appeal. He filed it while serving his Cobb County sentence, but he has since been released. The habeas petition names the Fulton County Sheriff as the respondent, and it attacks the Fulton County indictment on double jeopardy grounds. After being substituted for the sheriff as the respondent, Georgia Attorney General Thurbert Baker moved to dismiss Daker's petition, contending, among other things, that: (1) the district court lacked jurisdiction because Daker was not "in custody" within the meaning of 28 U.S.C. § 2241; (2) the district court should abstain under Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746 (1971), because Daker was not in jeopardy and could not show that he was subject to the threat of

3

irreparable injury; and (3) Daker had failed to exhaust his remedies under state law.

The district court referred the respondent's motion to a magistrate judge, who recommended dismissing the petition after making a finding that Daker was not "in custody" on the Fulton County indictment. The district court agreed with the magistrate judge's recommendation, despite Daker's objections, and dismissed his petition because he was not in custody. At Daker's request, the district court granted a certificate of appealability on the issue of whether he was "in custody" for purposes of § 2241. Then came this appeal.

**II.**

Daker contends that he satisfies the "in custody" requirement of § 2241 for the following four reasons: (1) he is "in custody" because he is still subject to the conditional release requirements of his bond in the Fulton County case; (2) alternatively, even if he is not currently in custody, Daker faces the possibility of future custody because the prosecutor indicated that he would pursue the case if the victim resurfaced; (3) the dead-docketed indictment enhances his sentence for the Cobb County convictions because it renders him ineligible for a pardon; and (4) the Georgia Court of Appeals decision in the Fulton County case resolving his double jeopardy claim, through its "precedential effect and res judicata effect will adversely affect" claims he intends to raise in another habeas petition challenging

4

his Cobb County conviction.

"When reviewing the district court's denial of a habeas petition, we review questions of law and mixed questions of law and fact de novo, and findings of fact for clear error." Nyland v. Moore, 216 F.3d 1264, 1266 (11th Cir. 2000).

Section 2241 provides that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The requirement that a petitioner be "in custody" is jurisdictional. Stacey v. Warden, Apalachee Corr. Inst., 854 F.2d 401, 402–03 (11th Cir. 1988). For a petitioner to be "in custody," the state must "exercise some control over the petitioner." Id. at 403. The petitioner need not be physically confined, however, to meet the "in custody" requirement as long as the state action subjects the petitioner to restraints on liberty that are not generally shared by the public. Justices of Boston Mun. Ct. v. Lydon, 466 U.S. 294, 300–01, 104 S. Ct. 1805, 1809 (1984). Specifically, the Supreme Court has recognized that a petitioner may be "in custody" if he is under the control of an indictment accompanied by a detainer, Braden v. 30th Jud. Cir. Ct., 410 U.S. 484, 488–89, 93 S. Ct. 1123, 1126 (1973), if he is released on his own recognizance with an obligation to appear subsequently for trial, Lydon, 466 U.S. at 301, 104 S. Ct. at 1809, or if he is on parole, Jones v. Cunningham, 371 U.S.

5

236, 243, 83 S. Ct. 373, 377 (1963).

A.

We first address the last three grounds on which Daker contends that he is in custody for purposes of § 2241. He asserts that the possibility that he will one day be incarcerated as a result of the Fulton County indictment is sufficient to confer jurisdiction. We disagree. Neither Braden nor the Rules Governing § 2254 Cases, the authorities on which he relies, supports his position. In Braden, the petitioner, who was incarcerated in Alabama, challenged a pending indictment in Kentucky that was accompanied by a detainer. Braden, 410 U.S. at 486–87, 93 S. Ct. at 1125–26. The Supreme Court concluded that the petitioner was "in custody" on that indictment because "the Alabama warden act[ed] . . . as the agent of the Commonwealth of Kentucky in holding the petitioner pursuant to the Kentucky detainer." Id. at 489 n.4, 93 S. Ct. at 1126 n.4. Here, Fulton County has not detained Daker either itself or through an agent. We therefore conclude that, under Braden, the existence of a dead-docketed indictment, without a detainer, does not place Daker "in custody" for purposes of § 2241.

Likewise, Daker's reliance on Rules 1 and 2 of the Rules Governing § 2254 Cases is misplaced. Those are not substantive rules but procedural ones. They describe the proceedings to which the procedural rules of which they are apart

6

apply, and they specify who is to be named respondent and other matters of form. See Rules Governing § 2254 Cases, Rule 1(a)(2) ("These rules govern a petition for a writ of habeas corpus filed in a United States district court under 28 U.S.C. § 2254 by . . . a person in custody under a state-court or federal-court judgment who seeks a determination that future custody under a state-court judgment would violate the Constitution, laws, or treaties of the United States."); Rules Governing § 2254 Cases, Rule 2(b) ("If the petitioner is not yet in custody—but may be subject to future custody—under the state-court judgment being contested, the petition must name as respondents both the officer who has current custody and the attorney general of the state where the judgment was entered. The petition must ask for relief from the state-court judgment being contested.").

Daker also contends that even if he is never tried on the pending but dead-docketed indictment, it has two adverse consequences that amount to custody: (1) he is unable to seek a pardon of his Cobb County conviction because charges are pending against him; and (2) he asserts that the state court decisions in the Fulton County case somehow preclude him from raising arguments in a future habeas petition attacking his Cobb County conviction. In support of this contention, Daker relies on several decisions holding that petitioners who actually were incarcerated at the time under other judgments satisfied the "in custody"

7

requirement to challenge convictions that had led to sentences that were fully served, because those earlier convictions had been used to enhance the sentences they were serving at the time they filed their petitions. E.g., Harper v. Evans, 941 F.2d 1538 (11th Cir. 1991); Battle v. Thomas, 923 F.2d 165 (11th Cir. 1991). Those decisions are distinguishable because Daker is not presently incarcerated, and he has never been convicted of the crimes alleged in the indictment that he is challenging. Daker has cited no decision holding that this nebulous type of negative consequences arising from a pending state court indictment, by themselves, place a habeas petitioner "in custody" for purposes of § 2241. We therefore conclude that the pendency of the dead-docketed Fulton County indictment alone is not sufficient to confer jurisdiction under § 2241.

## B.

We now turn to Daker's contention that he is in custody because of the conditions associated with his release on bond in connection with the Fulton County indictment. He relies on what he asserts is a special conditions bond and an order authorizing his release subject to certain conditions, which he has attached as appendices to his initial brief in this Court. Neither of those documents was presented to the district court.

We do not ordinarily consider documents or other evidentiary material that

8

was not before the district court, although we have discretion to do so in the interest of justice. See Schwartz v. Millon Air, Inc., 341 F.3d 1220, 1225 n.4 (11th Cir. 2003) ("We rarely supplement the record to include material that was not before the district court, but we have the equitable power to do so if it is in the interests of justice. We decide on a case-by-case basis whether an appellate record should be supplemented." (citation omitted)); see also United States v. Houston, 456 F.3d 1328, 1338 (11th Cir. 2006) (observing that a litigant with a proposition to press before the district court "should raise that point in such clear and simple language that the trial court may not misunderstand it"); United States v. Zinn, 321 F.3d 1084, 1090 n.7 (11th Cir. 2003) ("[T]he district court is not expected to read minds or independently conceive of every possible argument a party might raise."); Irving v. Mazda Motor Corp., 136 F.3d 764, 767 (11th Cir. 1998) ("Too often our colleagues on the district courts complain that the appellate cases about which they read were not the cases argued before them. We cannot allow Plaintiff to argue a different case from the case she presented to the district court." (citing Narey v. Dean, 32 F.3d 1521, 1526–27 (11th Cir. 1994)); Stewart v. Dep't of Health & Human Servs., 26 F.3d 115, 115 (11th Cir. 1994) ("Judicial economy is served and prejudice avoided by binding the parties to the facts presented and theories argued below.").

9

We decline to supplement the record with the contents of the appendices in this case for several reasons. First, the documents have not been authenticated. Second, Daker has not adequately explained his failure to present the documents to the district court either with his original petition, or in his objections to the magistrate judge's report and recommendation, or in a motion to alter or amend the district court's order dismissing his petition. His only argument in this regard is that Attorney General Baker was obligated to produce the documents in the district court. In support of this assertion, he relies on Rule 5(c) of the Rules Governing § 2254 Cases. That rule, however, only requires the production of transcripts from state court proceedings. The bond and accompanying order are not transcripts; they are not covered by Rule 5(c). Third, the documents Daker asks us to insert into the record at this late date do not go to any of the other defenses that have been raised by the respondent, nor do they go to the merits of his double jeopardy claim. It is not at all clear that considering them would change the ultimate outcome of this case.

Finally, we note that we are required to consider the "interests of justice" in deciding whether to supplement the record, Schwartz, 341 F.3d at 1225 n.4. We do not think it in the interests of justice to bend the rules to permit the presentation of evidence for the first time on appeal in a case in which the only interest that

arguably would be furthered is that of the petitioner in contacting a woman whom he has been convicted of stalking; that would be the effect of any judgment setting aside the special conditions on the bond connected with the Fulton County indictment.  For all of these reasons, we decline Daker's invitation to supplement to the record to include the documents appended to his initial brief in this Court.

**AFFIRMED.**