[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-12831

_____

D.C. Docket No. 4:13-cv-00180-CDL-MSH

RODERICK HOWARD,

Petitioner-Appellant,

versus

WARDEN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(January 9, 2015)

Before MARTIN and ANDERSON, Circuit Judges, and MORENO,* District
Judge.

MARTIN, Circuit Judge:

_____

*Honorable Federico A. Moreno, United States District Judge for the Southern District of
Florida, sitting by designation.

Roderick Howard appeals the District Court's dismissal of his pre-trial habeas corpus petition challenging the constitutionality of a dead-docketed indictment that has been pending for approximately nineteen years.  The District Court held that it did not have jurisdiction to consider Mr. Howard's petition because he was not "in custody" in violation of the Constitution or laws or treaties of the United States.  See 28 U.S.C. § 2241(c)(3).  After careful consideration, we agree that a dead-docketed indictment, without more, does not constitute custody and affirm.

**I.**

In 1995, a Muscogee County, Georgia grand jury indicted Mr. Howard for burglary.  He was never tried or convicted for that offense.  Instead, in 1996, the trial court moved his indictment to the Georgia "dead docket," where it remains today.  This process of dead-docketing an indictment is one by which "prosecution is postponed indefinitely but may be reinstated any time at the pleasure of the court.  Placing a case upon the dead docket certainly constitutes neither a dismissal nor a termination of the prosecution in the accused's favor."  State v. Creel, 454 S.E.2d 804, 805 (Ga. Ct. App. 1995) (citations and quotation marks omitted).  Only the trial court has the ability to reinstate a dead-docketed indictment.  See O.C.G.A. § 15-6-61(a)(4)(B).

2

In 1997, Mr. Howard was tried, convicted, and sentenced to a 20-year term of imprisonment for a burglary not related to the 1995 indictment. See Howard v. State, 488 S.E.2d 489, 490 (Ga. Ct. App. 1997). At that trial, the state introduced evidence of the 1995 burglary as similar-transaction evidence. Id. There is no evidence that suggests, and Mr. Howard does not argue here, that the sentence for his 1997 conviction was enhanced as a result of the 1995 indictment.

On June 7, 2013, while incarcerated for violating the parole conditions on his 1997 conviction, Mr. Howard filed this 28 U.S.C. § 2241 pre-trial habeas corpus petition, alleging that the 1995 dead-docketed indictment violates his constitutional speedy trial and due process rights. The District Court dismissed Mr. Howard's petition without prejudice, and this appeal followed.

**II.**

The question of whether a person is "in custody" within the meaning of 28 U.S.C. § 2241(c)(3) is one of subject-matter jurisdiction. Maleng v. Cook, 490 U.S. 488, 490, 109 S. Ct. 1923, 1925 (1989) (per curiam). We review de novo a district court's dismissal for lack of jurisdiction. Diaz v. Fla. Fourth Judicial Circuit ex rel. Duval Cnty., 683 F.3d 1261, 1263 (11th Cir. 2012).

Federal courts have jurisdiction to entertain habeas corpus petitions "only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" Cook, 490 U.S. at 490, 109 S. Ct. at 1925 (quoting 28

3

U.S.C. § 2241(c)(3)).  We have construed this requirement "very liberally," Diaz, 683 F.3d at 1264 (quotation omitted), and it is by now well-settled that the "use of habeas corpus [is] not . . . restricted to situations in which the applicant is in actual, physical custody," Jones v. Cunningham, 371 U.S. 236, 239, 83 S. Ct. 373, 375 (1963).  Instead, petitioners need only show that they are subject to a significant restraint on their liberty that is not shared by the general public.  Id. at 240–43, 83 S. Ct. at 375–77.  For example, the Supreme Court has extended habeas review to petitioners released on parole, id. at 242–43, 83 S. Ct. at 377, released on their own recognizance pending execution of a sentence, Hensley v. Mun. Court, 411 U.S. 345, 351, 93 S. Ct. 1571, 1575 (1973), and free on bail, Lefkowitz v. Newsome, 420 U.S. 283, 291 & n.8, 95 S. Ct. 886, 891 & n.8 (1975).

Even in light of this broad interpretation given to the phrase "in custody," the term still requires that the state exercise some control over the petitioner.  See Stacey v. Warden, Apalachee Corr. Inst., 854 F.2d 401, 403 (11th Cir. 1988) (per curiam).  As the Seventh Circuit has explained, "[a]lthough the word 'custody' is elastic, all definitions of it incorporate some concept of ongoing control, restraint, or responsibility by the custodian."  Samirah v. O'Connell, 335 F.3d 545, 549 (7th Cir. 2003); see also Cook, 490 U.S. at 492, 109 S. Ct. at 1926 ("While we have very liberally construed the 'in custody' requirement for purposes of federal

4

habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction.").

Section 2241 also requires a close relationship between the state's custody and the alleged constitutional violation. Specifically, a person must be in custody "under the conviction or sentence under attack at the time his petition is filed." Cook, 490 U.S. at 490–91, 109 S. Ct. at 1925; see also Diaz, 683 F.3d at 1264 (stating that the petitioner must be "in custody pursuant to the state judgment that is the subject of collateral attack").

## III.

To begin, the fact that Mr. Howard was incarcerated for violating the parole conditions on his 1997 conviction does not necessarily give us jurisdiction to review the 1995 dead-docketed indictment. Because his petition challenges only the 1995 dead-docketed indictment as unconstitutional, and not the 1997 conviction, Mr. Howard must be in custody under the 1995 indictment in order to satisfy Section 2241's requirements. See Cook, 490 U.S. at 490–91, 109 S. Ct. at 1925.

Also, the mere fact that evidence of the 1995 burglary was introduced at his 1997 trial does not render Mr. Howard in custody under the 1995 indictment. Although we have recognized that a person remains in custody even under a fully expired conviction in situations where the conviction is used to enhance a later

5

sentence, Means v. Alabama, 209 F.3d 1241, 1242 (11th Cir. 2000) (per curiam), there is no evidence here that the dead-docketed indictment enhanced Mr. Howard's 1997 sentence.  Indeed, we are not aware of any other similarly direct relationship between the 1995 indictment and his current custody.  See Van Zant v. Fla. Parole Comm'n, 104 F.3d 325, 328 (11th Cir. 1997) (per curiam) (rejecting argument that petitioner was in custody where relationship between alleged constitutional violation and custody was too "speculative and remote").  And contrary to Mr. Howard's argument, it was not the 1995 indictment that served as similar-transaction evidence for his 1997 conviction, but the facts that led to that indictment.  See Howard, 488 S.E.2d at 490 (describing the similar transaction evidence as the testimony of the victim of the 1995 burglary).  This evidence could have been introduced even if Mr. Howard had never been indicted.  See Palmer v. State, 517 S.E.2d 502, 507 (Ga. 1999).

Neither is Mr. Howard in custody under the 1995 dead-docketed indictment itself.  Nothing in the record evidences that the state is exercising ongoing control over Mr. Howard based on that indictment.  See Stacey, 854 F.2d at 403.  By definition, the indictment is not active, see O.C.G.A. § 15-6-61(a)(4)(B), and imposes no present restraints on Mr. Howard's liberty.  For instance, it does not currently subject Mr. Howard to any reporting requirements, or limit his ability to work, travel, or reside where he pleases.  Cf. Justices of Boston Mun. Court v.

6

Lydon, 466 U.S. 294, 301, 104 S. Ct. 1805, 1809 (1984) (holding that petitioner was in custody where he was required to report for trial and prohibited from "depart[ing] without leave"); Jones, 371 U.S. at 237, 243, 83 S. Ct. at 374, 377 (holding that parolee was in custody where he was "required to obtain the permission of his parole officer to leave the community, to change residence, or to own or operate a motor vehicle").

In dismissing Mr. Howard's petition, the District Court relied on our unpublished opinion in Daker v. Baker, 263 F. App'x 809 (11th Cir. 2008) (per curiam), for the proposition that Mr. Howard was not in custody because the state had not issued a detainer warrant. Because it is an unpublished decision, Daker is not binding precedent. See 11th Cir. R. 36-2. In any event, a detainer is not the only way that Mr. Howard could have shown that he was in custody.

In Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 93 S. Ct. 1123 (1973), the Supreme Court considered the pre-trial habeas petition of an Alabama prisoner who alleged that a three-year-old Kentucky indictment accompanied by an interstate detainer warrant violated his right to a speedy trial. Id. at 486, 93 S. Ct. at 1125. Although it held that the detainer was sufficient to show custody, the Supreme Court expressly left open the question of "whether, if no detainer had been issued against him, petitioner would be sufficiently 'in custody' to attack the Kentucky indictment." Braden, 410 U.S. at 489 n.4, 93 S. Ct. at 1126 n.4. This

7

brief discussion in <u>Braden</u> is consistent with the Supreme Court's recognition of the many other ways in which a state may restrain a person's liberty.  <u>See, e.g.</u>, <u>Lydon</u>, 466 U.S. at 301, 104 S. Ct. at 1809; <u>Hensley</u>, 411 U.S. at 351, 93 S. Ct. at 1575; <u>Jones</u>, 371 U.S. at 243, 83 S. Ct. at 377.

Based on this, if Mr. Howard had shown that he is subject to some other type of restraint that is not shared by the general public, <u>see</u> <u>Jones</u>, 371 U.S. at 240, 83 S. Ct. at 376, he could have satisfied the requirements of 28 U.S.C. § 2241(c)(3) even in the absence of a detainer warrant.  He has shown no such restraint here.

## IV.

The Georgia dead-docketed indictment does not, by itself, render Mr. Howard "in custody" for the purposes of 28 U.S.C. § 2241.  We do not have jurisdiction to consider his claims on habeas review.

**AFFIRMED.**