[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-17466
Non-Argument Calendar

_____

D.C. Docket No. 5:15-cv-00505-WTH-PRL

JEFFREY EUGENE LEE,

Petitioner-Appellant,

versus

WARDEN, FCC COLEMAN - USP II,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 9, 2018)

Before ED CARNES, Chief Judge, JULIE CARNES, and HULL, Circuit Judges.

PER CURIAM:

Jeffrey Lee, a federal prisoner proceeding pro se, filed a petition under 28 U.S.C. § 2241 requesting the district court to vacate his state court guilty plea. The district court dismissed his petition for lack of jurisdiction. This is Lee's appeal.

I.

A jury convicted Lee of conspiracy to possess with intent to distribute crack cocaine and distribution of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Because he had two prior felony drug convictions, the Controlled Substances Act (CSA) mandated that the district court sentence Lee to life imprisonment without eligibility for parole. Id. § 841(b)(1)(A).

On direct appeal, Lee contended that one of the predicate convictions for his federal sentence was invalid. That conviction was the result of a state law drug offense to which Lee pleaded guilty. Lee did not appear for sentencing and the state court did not enter judgment of conviction. Lee contended that the state court's failure to enter judgment disqualified his guilty plea as a conviction under the CSA. We affirmed his federal conviction without discussion and affirmed his federal sentence on the basis that "a plea of guilty is a conviction within the meaning of the CSA." United States v. Lee, No. 92-2760, at 4 (11th Cir. June 21, 1994).

In his § 2241 petition, Lee claimed that his state court guilty plea is invalid and asked the district court to vacate that plea. But Lee now contends that he

meant to ask the district court to order the state court to impose the sentence for his drug conviction, because only after that is done can he appeal it.  He concedes that he has abandoned any argument that the state court guilty plea is invalid.  See Appellant's Reply Br. at 1.

II.

Lee contends that the district court had jurisdiction to order the state court to impose a sentence.  We review de novo the dismissal of his petition, Howard v. Warden, 776 F.3d 772, 775 (11th Cir. 2015), and we construe liberally filings by pro se litigants, Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007).

Lee argues that the state court's failure to impose his sentence prevents him from appealing and as a result violates due process.  In support of that argument, he cites Betterman v. Montana, 578 U.S. __, 136 S. Ct. 1609 (2016), which he says held that "the failure of a state court to promptly impose sentence violates the Due Process Clause of the 14th Amendment."  Appellant's Br. at 4.  He also cites Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S. Ct. 1123 (1973), which he says authorized the district court "to issue an order directing the Florida state court to impose [his] sentence immediately."  Appellant's Br. at 3.[1]

---

[1] Neither Braden nor Betterman stand for those propositions.  The Betterman Court noted that the petitioner "did not preserve a due process challenge" and as a result the Court "confine[d] [its] opinion to his Sixth Amendment challenge."  136 S. Ct. at 1612.  And the Braden decision simply held that a defendant who was detained based on a pending indictment may file a § 2241 petition to assert his Sixth Amendment right to a speedy trial.  410 U.S. at 489, 93 S. Ct. at 1126–27.

3

The district court properly denied Lee's § 2241 petition because he challenges action, or inaction, of the state court, not of the federal court whose judgment put him in custody.  See 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless . . . he is in custody in violation of the Constitution or laws or treaties of the United States.") (emphasis added).  The due process violation that Lee alleges relates only to the state court's failure to sentence him.  Section 2241 does not authorize the district court to order the state court to impose Lee's sentence, and absent statutory authority to review the state court's inaction, "a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties." Moye v. Clerk, DeKalb Cty. Sup. Ct., 474 F.2d 1275, 1276 (5th Cir. 1973).

**AFFIRMED**.