[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-15051
Non-Argument Calendar
_____

D.C. Docket No. 5:18-cv-00343-WTH-PRL

JAMES BRANDON STROUSE,

Petitioner-Appellant,

versus

WARDEN, USP COLEMAN II,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 13, 2019)

Before TJOFLAT, JORDAN, and GRANT, Circuit Judges.

PER CURIAM:

James Brandon Strouse, a federal prisoner proceeding pro se, appeals the district court's order dismissing his habeas corpus petition brought under 28 U.S.C. § 2241.  The district court dismissed the petition for lack of subject-matter jurisdiction, but Strouse argues on appeal that the court had jurisdiction over his petition under the saving clause in 28 U.S.C. § 2255(e).  After thorough review of the record, we affirm.

## I.

"We review *de novo* a district court's dismissal for lack of jurisdiction." *Howard v. Warden*, 776 F.3d 772, 775 (11th Cir. 2015).  And whether "a prisoner may bring a petition for a writ of habeas corpus under the saving clause of section 2255(e) is a question of law we review *de novo*."  *McCarthan v. Dir. of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) (en banc).

## II.

In general, a federal prisoner wishing to collaterally attack his sentence must do so by filing a motion to vacate under 28 U.S.C. § 2255.  *See McCarthan*, 851 F.3d at 1081.  "Section 2255(e) makes clear that a motion to vacate is the exclusive mechanism for a federal prisoner to seek collateral relief unless he can satisfy the 'saving clause' at the end of that subsection."  *Id.*  The saving clause, in turn, permits a prisoner to seek collateral review by filing a § 2241 petition only if the

remedy available through § 2255 "is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  A prisoner cannot utilize the saving clause as a means to circumvent "the one-year statute of limitations" for filing a § 2255 motion or "the process for obtaining permission to file a second or successive" § 2255 motion.  *McCarthan*, 851 F.3d at 1091.  To prevent this type of gamesmanship, the saving clause permits a federal prisoner like Strouse to file a petition under § 2241 only if he establishes that the remedy provided for under § 2255 is inadequate or ineffective to test the legality of his detention.

To determine whether the § 2255 remedy is inadequate or ineffective such that Strouse can avail himself of the saving clause, we must consider whether he could have brought his current claims in a § 2255 motion.  *See McCarthan*, 851 F.3d at 1086–87.  If so, the § 2255 remedy is adequate and effective—even if the claims brought in that motion would have been dismissed due to a procedural bar, time limit, or circuit precedent.  *See id.* at 1087, 1091.  But there are some situations where a claim cannot "be remedied by section 2255" and the prisoner can therefore proceed under the saving clause—for example, when a prisoner challenges "the execution of his sentence, such as the deprivation of good-time credits or parole determinations," "the sentencing court is unavailable," or other "practical considerations (such as multiple sentencing courts) might prevent a petitioner from filing a motion to vacate."  *See id.* at 1093.

3

Strouse does not satisfy the *McCarthan* test for proceeding under the saving clause. All of the arguments that he raises in his § 2241 petition could and should have been raised in a § 2255 motion. Strouse's § 2241 petition alleges ineffective assistance of appellate counsel. Specifically, he asserts that because the district court appointed the same lawyer to represent him at trial and on appeal, his attorney failed to raise arguments on appeal regarding the ineffectiveness of trial counsel. He also argues that his attorney provided ineffective assistance by failing to raise on direct appeal issues related to his guilty plea, related to a warrantless seizure of property, and related to the trial court's alleged refusal to provide a preliminary hearing. Section 2255 is an inadequate and ineffective remedy for these claims, in Strouse's view, because if they were brought in a § 2255 motion the claims would be procedurally barred due to appellate counsel's failure to raise them on direct appeal.

Even if Strouse is correct that he procedurally defaulted on his claims by failing to raise them on direct appeal,[1] we have already explained that a prisoner

---

[1] To the extent that Strouse's argument is premised on the understanding that any ineffective-assistance claim raised for the first time in a § 2255 motion would be procedurally barred, that is incorrect. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) ("[A]n ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal."). And if Strouse has chosen not to bring his current claims in a § 2255 motion because he has already filed such a motion in the Eastern District of Texas, the proper approach is not to file a § 2241 petition, but instead to seek permission from this Court to file a second or successive § 2255 motion. *See* 28 U.S.C. § 2244(b)(3); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam) ("The AEDPA provides that, to file a second or successive § 2255 motion, the movant must first file an

4

cannot proceed under the saving clause simply because the § 2255 claim is procedurally barred.  A "procedural bar might prevent relief, but that bar does not render the motion itself an ineffective or inadequate remedy.  The prisoner may still bring the claim."  *McCarthan*, 851 F.3d at 1086 (internal citation omitted).

We also note that Strouse's claims do not fall into any of the categories of claims that we have indicated may not be remedied through a § 2255 motion.  He does not challenge the execution of his sentence, his sentencing court is not unavailable, and practical considerations did not prevent him from filing a § 2255 motion.  *See McCarthan*, 851 F.3d at 1093.  He therefore cannot proceed under the saving clause in § 2255(e).

### III.

The district court's order dismissing Strouse's § 2241 petition is **AFFIRMED**.

---

application with the appropriate court of appeals for an order authorizing the district court to consider it.").