[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11881
Non-Argument Calendar

_____

D.C. Docket No. 1:19-cv-00244-AT


LINDSEY ORR,

                                                        Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                        Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 22, 2020)

Before ED CARNES, Chief Judge, WILLIAM PRYOR, and JILL PRYOR, Circuit
Judges.

PER CURIAM:

Lindsey Orr, a federal prisoner serving a 441-month total sentence for two armed bank robberies and possessing a firearm during those robberies, appeals pro se the district court's denial of his 28 U.S.C. § 2241 petition for habeas relief.

I.

Orr was found guilty after a jury trial on two counts of armed robbery and two counts of possession of a firearm during and in relation to those two robberies under 18 U.S.C. § 924(c). He was sentenced to two concurrent 57-month sentences for the bank robberies, a consecutive 84-month sentence for the first firearm conviction, and a consecutive 300-month sentence for the second firearm conviction. This court affirmed Orr's convictions and sentences in 2009. In 2010, he challenged his conviction in a 28 U.S.C. § 2255 motion, which the district court denied.

In January 2019, Orr, proceeding pro se, filed the 28 U.S.C. § 2241 habeas petition at issue in this case. That petition challenged his 2008 convictions and 441-month total sentence. Orr argued that, under 18 U.S.C. § 924(c), as amended by the First Step Act of 2018, his 2008 sentence was invalid because he did not have a previous firearm conviction that had become final before the firearm violation that was the basis for his 300-month sentence for his second firearm conviction. He asserted that § 2241 was his only recourse, because the change in statutory law did not provide a basis for filing a successive § 2255 motion.

2

The district court adopted the magistrate judge's recommendation that Orr's petition be dismissed for lack of jurisdiction.  This is his appeal.

## II.

We review de novo a district court's dismissal for lack of jurisdiction. Howard v. Warden, 776 F.3d 772, 775 (11th Cir. 2015).  Whether a prisoner may bring a petition for a writ of habeas corpus under the saving clause of 28 U.S.C. § 2255(e) is a question of law we also review de novo.  McCarthan v. Dir. of Goodwill Industries-Suncoast, Inc., 851 F.3d 1076, 1081 (11th Cir. 2017).

## III.

Orr contends that it is unconstitutional for Congress to amend a law — in this case, § 924(c) — and provide that the amendment is not retroactive, because doing so violates his due process and equal protection rights.  He also contends that he is entitled to resentencing under the First Step Act because his sentence violates 18 U.S.C. § 3553(a)(6), which requires the sentencing court to consider the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. We lack jurisdiction to consider either contention because Orr has previously filed a § 2255 motion, and his § 2241 petition does not fit within the saving clause of § 2255(e).

Section 924(c) requires a mandatory consecutive sentence for any defendant who uses or carries a firearm during a crime of violence or a drug-trafficking

3

crime.  18 U.S.C. § 924(c)(1).  If a person brandishes the firearm during the offense, § 924(c) mandates that a minimum consecutive sentence of seven years be imposed.  Id. § 924(c)(1)(A)(ii), (D)(ii).  Before December 21, 2018, if a defendant was convicted of multiple violations of § 924(c) for the first time in a single prosecution, each § 924(c) conviction after the first one carried a mandatory minimum consecutive 25-year sentence.  See United States v. Davis, 139 S. Ct. 2319, 2324 n.1 (2019).  On December 21, 2018, the First Step Act amended § 924(c) to make  the 25-year mandatory minimum sentence applicable only to a violation of § 924(c) "that occurs after a prior conviction under [§ 924(c)] has become final." That amendment prevented a defendant from receiving 25-year minimum sentences for multiple violations of § 924(c) in a single prosecution if that defendant did not have a prior § 924(c) conviction that was final.  See First Step Act of 2018, Pub. L. No. 115-391, § 403(a), 132 Stat. 5194, 5194, 5221–22; Davis, 139 S. Ct. at 2324 n.1.

While § 403 of the First Step Act is titled as a "Clarification of Section 924(c)," its text states that it "amend[s]" § 924(c).  132 Stat. at 5221.  With regard to its application to pending cases, § 403 states: "This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." Id. § 403(b), 132 Stat. at 5222.  The Supreme Court has

4

stated, "Congress changed the law so that, <u>going forward</u>, only a second § 924(c) violation committed after a prior § 924(c) conviction has become final will trigger the 25-year minimum." <u>Davis</u>, 139 S. Ct. at 2324 n.1 (quotation marks, brackets, and ellipses omitted) (emphasis added).

Federal district courts must "dismiss summarily any habeas petition that appears legally insufficient on its face[.]" <u>Borden v. Allen</u>, 646 F.3d 785, 810 (11th Cir. 2011). In general, a federal prisoner wishing to collaterally attack his sentence must do so by filing a motion to vacate under 28 U.S.C. § 2255. <u>See</u> <u>McCarthan</u>, 851 F.3d at 1081. Section 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

"Section 2255(e) makes clear that a motion to vacate is the exclusive mechanism for a federal prisoner to seek collateral relief unless he can satisfy the 'saving clause' at the end of that subsection." <u>McCarthan</u>, 851 F.3d at 1081. The saving clause, in turn, permits a prisoner to seek collateral review by filing a § 2241 petition only if the remedy available through § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

To prevent evasion of § 2255's restrictions (such as the bar on second or successive motions), a prisoner must show he could not have brought his current claims in a § 2255 motion to establish that the remedy provided for under § 2255 is inadequate or ineffective to test the legality of his detention.  McCarthan, 851 F.3d at 1086–87.  If a prisoner can bring his claims in a § 2255 motion, the § 2255 remedy is adequate and effective—even if the claims brought in that motion would have been dismissed due to a procedural bar, time limit, or circuit precedent.  Id. at 1087–88, 1091.  But there are some situations where a claim cannot "be remedied by section 2255" and the prisoner can therefore proceed under the saving clause — for example, when a prisoner challenges "the execution of his sentence, such as the deprivation of good-time credits or parole determinations," "the sentencing court is unavailable," or other "practical considerations (such as multiple sentencing courts) might prevent a petitioner from filing a motion to vacate."  Id. at 1093.

In McCarthan, we stated that a "remedy, as used in the saving clause, does not promise relief."  Id. at 1086 (quotation marks omitted).  We held that a § 2255 motion is not an inadequate remedy, even if circuit precedent forecloses relief on a claim.  Id.  Similarly, we held that a prisoner could not use the saving clause as a means to circumvent "the one-year statute of limitations" for filing a § 2255 motion or "the process for obtaining permission to file a second or successive" § 2255 motion.  Id. at 1091.  We concluded that a "procedural bar might prevent

6

relief, but that bar does not render the motion itself an ineffective or inadequate remedy.  The prisoner may still bring the claim."  Id. (citation omitted).

Here, the district court properly dismissed Orr's § 2241 petition, because Orr did not satisfy the McCarthan test for proceeding under the § 2255(e) saving clause.  None of Orr's claims falls into a category of claims that could not have been remedied through a § 2255 motion.  See McCarthan, 851 F.3d at 1093–94.  He could have brought all his constitutional and statutory challenges to his sentence under § 2255; the fact he likely would have not prevailed does not mean that § 2255 is an inadequate and ineffective remedy, which would allow him to raise his claims under § 2241.  See id. at 1091.

**AFFIRMED.**