[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13363
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-20187-CMA

NELSON VIERA,

                                                          Petitioner-Appellant,

versus

FLORIDA DEPARTMENT OF CORRECTIONS,

                                                          Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 11, 2020)

Before MARTIN, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Nelson Viera, a Florida prisoner proceeding pro se, appeals the dismissal of

his motion to set aside the order denying his 28 U.S.C. § 2254 petition.  Viera

argues that the district court erred in dismissing his motion for lack of jurisdiction

and without considering the merits of his allegations of fraud on the court. He also argues the district court erred in treating his motion as an impermissible second or successive § 2254 petition. After careful review, we affirm.

\*\*\*

On August 7, 2017, a Florida jury found Viera guilty of trafficking heroin. He was initially sentenced to 40-years imprisonment but appealed and, on remand, was resentenced to 25-years imprisonment. Viera sought post-conviction relief pursuant to Florida Rule of Criminal Procedure 8.850, which was denied. In January 2013, he filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the Southern District of Florida.

Viera's § 2254 petition raised numerous grounds for relief. Among these, he claimed that trial counsel was ineffective for failing to protect his constitutional right to confront a confidential informant ("CI") named Jose Raul Gallardo, by not deposing him or securing his presence at trial. In support of this claim, Viera asserted that the state falsely claimed that Gallardo was unavailable to testify at trial because he had been deported when, in fact, Gallardo had not been deported.

A magistrate judge recommended denying Viera's § 2254 petition. As relevant here, it recommended denying Viera's ineffective assistance claim based on counsel's failure to call Gallardo. It reasoned that trial counsel adequately investigated the facts and Viera failed to produce competent evidence that the CI

2

was actually available to testify at trial or would have provided exculpatory testimony were he available. The district court overruled Viera's objections, adopted the magistrate judge's recommendation, and denied the § 2254 petition. It held that trial counsel properly investigated whether the CI was available to testify and that Viera failed to establish "any tangible, prejudicial effect counsel's alleged failure [to call the CI as a witness] had on Viera's trial." Viera's motion for a certificate of appealability was denied. Viera v. Florida Dep't of Corr., Case No. 13-15850 (11th Cir. May 20, 2014), ECF No. 6.

In April 2019, Viera sought leave to file a second or successive § 2254 petition based on newly discovered evidence. A panel of this Court denied his motion. In re: Nelson Viera, Case No. 19-11295 (11th Cir. May 6, 2019), ECF No. 2. The panel held that Viera had not satisfied the requirements of § 2254(b) because he failed to show why he could not have previously discovered the purported evidence through the exercise of due diligence either during his criminal proceedings or before filing his initial § 2254 petition. Id. at 4. The panel also held that Viera failed to make a prima facie showing that the CI's testimony would have demonstrated his actual innocence. Id. at 4–5.

In July 2019, Viera filed a motion, pursuant to Federal Rule of Civil Procedure 60(b) and (d), for the district court to set aside its December 2, 2013 order and final judgment denying his § 2254 petition. Raising largely the same

arguments as his motion for leave to file a second or successive § 2254 petition, Viera claimed he had discovered new information revealing that the CI was never in immigration custody or subject to deportation during his trial, as the state had claimed. He argued as a result that he was entitled to relief under Rule 60 because the state "knowingly committed . . . fraud on the Federal habeas Court."

The district court construed Viera's Rule 60 motion as a second or successive § 2254 petition and dismissed it for lack of jurisdiction. This is Viera's appeal.

***

We review de novo a district court's dismissal of a habeas petition for lack of jurisdiction. Howard v. Warden, 776 F. 3d 772, 775 (11th Cir. 2015). We review de novo whether a habeas petition is second or successive. Patterson v. Sec'y, Fla. Dep't of Corr., 849 F.3d 1321, 1324 (11th Cir. 2017) (en banc). We liberally construe the pleadings of pro se litigants. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

***

On appeal, Viera argues that his Rule 60 motion should not have been treated as a second or successive § 2254 petition because it attacked a defect in the integrity of the federal habeas proceedings. He claims the Florida Attorney General's office knew of the "fraudulent character of the [s]tate's earlier

4

proceedings" and yet intentionally deceived the district court. His arguments are without merit.[1]

A prisoner may not file a second or successive § 2254 petition in the district court without first obtaining authorization from a federal court of appeals. See 28 U.S.C. § 2244(b)(3)(A). District courts lack jurisdiction to consider the merits of a second or successive § 2254 petition filed without such authorization. Lambrix v. Sec'y, DOC, 872 F.3d 1170, 1180 (11th Cir. 2017) (per curiam). Rule 60 motions for relief from judgment may not be used to evade the bar on second or successive § 2254 petitions. Gilbert v. United States, 640 F.3d 1293, 1323 (11th Cir. 2011) (en banc), abrogated on other grounds by McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076 (11th Cir. 2017) (en banc). A Rule 60 motion will be construed as a second or successive habeas application when it raises a new ground for relief or attacks the district court's resolution of an earlier claim on the merits. Gonzalez v. Crosby, 545 U.S. 524, 531–32, 125 S. Ct. 2641, 2647–48 (2005). There is a limited exception to this rule: a Rule 60 motion that attacks a defect in the integrity of the federal habeas proceeding itself, such as a claim of

---

[1] The State asks us to overrule Hubbard v. Campbell, 379 F.3d 1245 (11th Cir. 2004) (per curiam), and hold that Viera was required to obtain a certificate of appealability before proceeding with this appeal, pursuant to 28 U.S.C. § 2253(c). Under Hubbard, the dismissal of a second or successive habeas petition for lack of subject matter jurisdiction does not constitute a final order in a habeas proceeding for purposes of § 2253(c). 379 F.3d at 1247. However, Hubbard is precedent that binds us unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or this Court sitting en banc. United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008).

5

fraud on the federal habeas court, is permissible and will not be construed as a second or successive habeas petition.  Id. at 532 & n.5, 125 S. Ct. at 2648 & n.5.

Here, the district court was correct to construe Viera's Rule 60 motion as an impermissible second § 2254 petition.  Viera claims the Florida Attorney General perpetrated fraud on the federal habeas court because it "knew beyond a doubt of the fraudulent character" of the earlier state proceedings and yet "failed to bring forward that fact."  The record shows that the substantive issues raised in Viera's Rule 60 motion are nearly identical to those raised in his 2013 petition and again in his 2019 motion for leave to file a second or successive petition.  The fact that the state continued to advance its position that the CI was unavailable during Viera's criminal trial does not give rise to an independent claim of fraud on the court.  Rather, this claim amounts to little more than a relabeling of Viera's challenge to the underlying state proceedings and is not sufficient to avoid the bar on unauthorized second petitions.  See United States v. Bueno-Sierra, 723 F. App'x 850, 855 (11th Cir. 2018) (per curiam) (unpublished).  And because a panel of this Court had denied Viera's motion for leave to file a second or successive § 2254 petition, the district court was correct to dismiss the motion for lack of jurisdiction as an impermissible second petition.  Lambrix, 872 F.3d at 1180.

Even if the district court had considered Viera's Rule 60 motion on the merits, Viera failed to meet his burden of showing fraud on the court.  Rule

6

60(d)(3) provides relief only for "the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated." Rozier v. Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir. 1978) (quotation marks omitted).[2]  At most, Viera's motion claims the Florida Attorney General failed to disclose to the federal habeas court evidence that the CI was not in federal immigration custody at the time of Viera's trial.  But nondisclosure of pertinent facts "will not ordinarily rise to the level of fraud on the court" and the record does not support the inference that the state's federal habeas counsel knowingly misrepresented or failed to disclose pertinent facts.  See id. Therefore, even if the district court had jurisdiction to consider Viera's Rule 60 motion, it did not err in denying it.  See Beeman v. United States, 871 F.3d 1215, 1221 (11th Cir. 2017) (holding that, regardless of reasoning given by the district court, we may affirm on any ground supported by the record).

**AFFIRMED.**

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.