[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-13071
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cv-04651-SCJ

JAMES WHITFIELD,

Petitioner - Appellant,

versus

UNITED STATES SECRETARY OF STATE,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 23, 2021)

Before JORDAN, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

James Whitfield, proceeding *pro se*, appeals the denial of his petition for writ of habeas corpus and complaint for declaratory and injunctive relief arising out of his passport–renewal application. After careful review, we affirm the district court's rulings.

## I

Whitfield submitted an application to renew his passport. The renewal form requested Whitfield's Social Security number. Whitfield attached a memorandum to his application explaining his decision not to include the Social Security number. The Secretary of State responded with a letter requesting that he either (1) provide a Social Security number or (2) submit a statement under penalty of perjury that he had never been issued one. The letter further advised that failure to provide the Social Security number or a signed statement would result in the denial of his application. Whitfield responded to the Secretary's letter, stating that he had filed a petition that contained the legal basis for the omission of his Social Security number. The Secretary denied Whitfield's passport–renewal application shortly thereafter.

Whitfield filed a *pro se* petition for writ of habeas corpus and complaint for declaratory and injunctive relief, alleging that the Secretary unlawfully denied his passport–renewal application for refusing to provide a Social Security number. The district court granted the Secretary's motion for lack of subject matter

jurisdiction as to Whitfield's habeas and mandamus causes of action and for failure to state a claim as to Petitioner's remaining claims.  Whitfield filed an amended *pro se* petition for writ of habeas corpus and complaint for declaratory and injunctive relief, again alleging violations of the Due Process Clause of the Fifth Amendment, the Privacy Act, the Paperwork Reduction Act, and also adding an allegation entitled "Failure of Notice" under the Privacy Act and the Paperwork Reduction Act.  The Secretary again filed a motion to dismiss; the district court granted the motion, dismissing Whitfield's habeas petition for lack of subject matter jurisdiction and the remaining claims for failure to state a claim.  The district court concluded that Whitfield "ha[d] essentially filed the same Petition that the Court previously found deficient[.]"  The district court's order incorporated its previous ruling by reference and upheld and adopted the Secretary's arguments as "correct in law and fact."  Whitfield now appeals.[1]

## II

First, we determine whether the district court properly dismissed Whitfield's petition for lack of subject matter jurisdiction.

---

[1] This Court reviews de novo both a district court's dismissal of a habeas corpus petition for lack of jurisdiction, *Howard v. Warden*, 776 F.3d 772, 775 (11th Cir. 2015), and its dismissal under Rule 12(b)(6) for failure to state a claim.  *Mulhall v. Unite Here Loc. 355*, 667 F.3d 1211, 1213 (11th Cir. 2012).

A district court may entertain a habeas corpus petition only if a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3), 2254(a). This "in custody" requirement is jurisdictional. *Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 (11th Cir. 1988). To satisfy the in–custody requirement, "the habeas petitioner [must] be in custody under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (quotation marks omitted). The burden of establishing a right to federal habeas relief and of proving all facts necessary to show a constitutional violation lies with the petitioner. *Romine v. Head*, 253 F.3d 1349, 1357 (11th Cir. 2001).

The Supreme Court has instructed that we "very liberally" construe the custody requirement. *Maleng*, 490 U.S. at 492. We have held, therefore, that while the custody requirement is ordinarily satisfied by § 2254 petitioners on probation, parole, or bail, *Duvallon v. Florida*, 691 F.2d 483, 485 (11th Cir. 1982), petitioners may also satisfy the custody requirement by identifying a "significant restraint" on individual liberty that is not shared by the general public. *Howard v. Warden*, 776 F.3d 772, 775 (11th Cir. 2015).

Here, Whitfield alleges that the denial of his passport–renewal application deprived him of the right to travel internationally, thus rendering him in custody

4

within the territorial limits of the United States for the purpose of his habeas corpus petition.

Whitfield has not satisfied his burden of establishing custody. 22 U.S.C. § 2714a(f) provides in relevant part that—

> upon receiving an application for a passport from an individual that either—
>
> (i)  does not include the social security account number issued to that individual, or
>
> (ii)  includes an incorrect or invalid social security number willfully, intentionally, negligently, or recklessly provided by such individual,
>
> the Secretary of State is authorized to deny such application and is authorized to not issue a passport to the individual.

The restraint alleged here—Whitfield's inability to travel internationally—applies to *all* individuals seeking to obtain or renew a passport who do not provide a Social Security number. Whitfield has thus only identified a restraint shared by the general public—the kind we have made clear does *not* constitute custody. *Howard*, 776 F.3d at 775. Because Whitfield has not satisfied the custody requirement, we conclude that the district court properly dismissed his habeas petition for lack of subject matter jurisdiction.

## III

Second, we consider whether the district court erred in dismissing Whitfield's Fifth Amendment Due Process claim.

5

The Fifth Amendment states that no person shall be "deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. To establish a violation of the Due Process Clause of the Fifth Amendment, Whitfield must establish "(1) a constitutionally protected interest in life, liberty or property; (2) governmental deprivation of that interest; and (3) the constitutional inadequacy of procedures accompanying the deprivation." *Bank of Jackson Cty. v. Cherry*, 980 F.2d 1362, 1366 (11th Cir. 1993). Failure to establish any one of these elements is fatal to Whitfield's Due Process claim. *Id*.

Whitfield has not satisfied the third element—that the procedures accompanying the deprivation of his right to international travel were constitutionally inadequate. The passport–renewal form advised that "failure to provide the information requested on this form . . . could result in the refusal or denial of your application." Additionally, the Secretary informed Whitfield of the deficiency of his passport–renewal application and advised him of the steps necessary to amend the application. When denying Whitfield's application, the Secretary specified the statutory and regulatory basis for the denial. Whitfield received notice and reasons for the denial of his passport–renewal application. We thus cannot say that the procedures accompanying the denial of his passport–renewal application were constitutionally inadequate. The district court did not err in dismissing Whitfield's Fifth Amendment Due Process claim.

**IV**

Third, we consider whether the district court erred in dismissing Whitfield's claim under the Privacy Act.

Section 7 of the Privacy Act states that "[i]t shall be unlawful for any federal, state or local government agency to deny to any individual any right, benefit or privilege provided by law because of such individual's refusal to disclose his social security number." Pub. L. No. 93-579 § 7(a)(1). The Act includes an exception, however, for "any disclosure which is required by Federal statute." *Id.* § 7(a)(2)(a). We have made clear that the Privacy Act authorizes a private right of action for violations of Section 7 of the Privacy Act. *Schwier v. Cox*, 340 F.3d 1284, 1292 (11th Cir. 2003).

The district court did not err in finding that Whitfield failed to state a claim under the Privacy Act. All here agree that Whitfield refused to provide his Social Security number. 22 U.S.C. § 2714a(f) authorizes the Secretary to deny passport applications that do not include a Social Security number. Whitfield was thus "required by statute" to disclose his Social Security number in order to renew his passport; the exception to Section 7 of the Privacy Act bars his claim. Pub. L. No. 93-579 § 7(a)(2)(a). The district court did not err in dismissing Whitfield's claim under the Privacy Act.

7

**V**

Fourth, we must determine whether the district court erred in dismissing Whitfield's claim under the Paperwork Reduction Act.

The Paperwork Reduction Act provides, in relevant part, that "[n]otwithstanding any other provision of law, no person shall be subject to any penalty for failing to comply with a collection of information that is subject to this subchapter[.]" 44 U.S.C. § 3512(a). It goes on to state that the "protection provided by this section may be raised in the form of a complete defense, bar, or otherwise at any time during the agency administrative process or judicial action applicable thereto." *Id*. § 3512(b).

Whitfield did not plausibly state a claim under the Paperwork Reduction Act. Section 3512(b) makes clear that the provisions of the Paperwork Reduction Act may be used as a defense—but do not give rise to a private right of action. *See id*; *see also Hyatt v. Office of Mgmt. & Budget*, 908 F.3d 1165, 1173 (9th Cir. 2018). The district court thus did not err in dismissing Whitfield's claim under the Paperwork Reduction Act

**VI**

For the foregoing reasons, we conclude that the district court did not err in (1) denying Whitfield's petition for habeas corpus for lack of subject matter jurisdiction; (2) dismissing Whitfield's Fifth Amendment Due Process claim; (3)

dismissing Whitfield's claim under the Privacy Act; and (4) dismissing Whitfield's claim under the Paperwork Reduction Act.

**AFFIRMED.**