[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-14198

Non-Argument Calendar

_____

ABEL DIAZ,

Petitioner-Appellant,

*versus*

WARDEN, FCC COLEMAN - USP I,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:22-cv-00228-CEM-PRL

_____

Before WILSON, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Abel Diaz, a federal prisoner proceeding *pro se*, appeals the district court's sua sponte dismissal of his 28 U.S.C. § 2241 petition for a writ of habeas corpus. He argues that the district court had jurisdiction under the saving clause of 28 U.S.C. § 2255(e) because his remedy under § 2255 was inadequate and ineffective.

"We review *de novo* a district court's dismissal for lack of jurisdiction." *Howard v. Warden*, 776 F.3d 772, 775 (11th Cir. 2015). If a district court determines at any time that it lacks subject-matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). Likewise, we review *de novo* whether a prisoner may bring a petition for a writ of habeas corpus under the saving clause of § 2255(e). *McCarthan v. Dir. of Goodwill Indus. Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) (en banc). A district court only has jurisdiction over a federal prisoner's habeas petition if it falls within the saving clause. *McCarthan*, 851 F.3d at 1080.

A federal prisoner who seeks to collaterally attack the validity of his sentence must file a motion to vacate under 28 U.S.C. § 2255. *Id.* Challenges to the execution of a sentence, rather than to its validity, may be brought through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Id.* at 1089.

The saving clause of § 2255 permits a federal prisoner to file a § 2241 habeas petition if the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." 28

U.S.C. § 2255(e); *see also Jones v. Hendrix*, 143 S. Ct. 1857, 1863 (2023). The petitioner bears the burden of establishing that § 2255 is inadequate or ineffective. *McCarthan*, 851 F.3d at 1081.

To determine whether a § 2255 motion would be inadequate or ineffective, the key consideration is whether the prisoner would have been permitted to bring that type of claim in a § 2255 motion. *Id*. at 1086. If so, the § 2255 remedy is adequate and effective, even if the specific claim would have been foreclosed by circuit precedent or subject to a procedural bar. *Id*.

The savings clause is typically invoked to cover "unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court." *Jones*, 143 S. Ct. at 1866. Three clear instances of such circumstances include: (1) when raising claims challenging the execution of the sentence, such as the deprivation of good-time credits or parole determinations; (2) when the sentencing court is unavailable, such as when the sentencing court itself has been dissolved; or (3) when practical considerations, such as multiple sentencing courts, might prevent a petitioner from filing a motion to vacate. *Id*. at 1866–67; *McCarthan*, 851 F.3d at 1092–93.

Here, Diaz argues that § 2255 was an inadequate and ineffective remedy to test the legality of his detention because he raised an *Apprendi*[1] argument on direct appeal and, therefore, could not raise it again in a § 2255 motion. Diaz also argues *McCarthan* does

---

[1] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

not apply here because it did not address whether a § 2255 motion is inadequate or ineffective when an argument was raised on direct appeal.

Diaz's petition, however, does not fall into an "unusual circumstance[] in which it is impossible or impracticable . . . to seek relief from the sentencing court." *Jones*, 143 S. Ct. at 1866. He is challenging the validity of his sentence, not its execution; the sentencing court, the Southern District of Florida, is not unavailable; and he was not sentenced by multiple courts. *Id.* Accordingly, the district court did not err in dismissing Diaz's petition because his claims challenged the validity of his sentence and could have been raised in a § 2255 motion to vacate. Although his arguments would have been procedurally barred because he already raised them on direct appeal, that does not make a § 2255 motion inadequate or ineffective within the meaning of the saving clause. Therefore, his petition did not fall within the saving clause and the district court properly dismissed it for lack of jurisdiction.

**AFFIRMED.**